DAVID FULLER and another *vs.* EUGENE WILDER and another.

*Sale—evidence to rebut the inference arising from possession.*

In an action for goods sold and delivered against parties individually and in their capacity of surviving partners, in order to explain their possession of the goods, and rebut the inference of a sale drawn from such possession, it is competent for the defendants to introduce evidence to prove that when their copartnership was formed, it was agreed by the members of the firm that the partner to whom the plaintiffs testify that they sold the goods, supposing that he was acting for the firm, should put in the goods in controversy as his share of the capital stock, that he did so, and that they knew nothing of any purchase of the goods from the plaintiffs.

ON EXCEPTIONS.

ASSUMPSIT for certain logs sold and delivered.   The facts in relation to the case, and the grounds of exception are fully stated in the opinion.

*A. W. Paine,* for the plaintiffs, in support of the exceptions.

The testimony admitted, subject to objection, was not simply *res inter alios,* an agreement between strangers to the suit, but between one of the litigating parties and another member of the firm, all of whose interests were directly adverse to plaintiffs.

Had the plaintiffs known of the agreement, and then delivered the logs, a valid agreement would have existed; until then this evidence would be inadmissible. *Bucknam* v. *Chaplin,* 1 Allen, 70 ; *Kelleher* v. *Miller,* 97 Mass. 71 ; *Lincoln* v. *Taunton Copper Manuf. Co.,* 9 Allen, 181 ; *McLellan* v. *Pennell,* 52 Maine, 402 ; *Forsyth* v. *Day,* 41 Maine, 382 ; *Hall* v. *Tribou,* 42 Maine, 192 ; *Boody* v. *McKenney,* 23 Maine, 517 ; *Fogg* v. *Hill,* 21 Maine, 529 ; *Jones* v. *Stevens,* 5 Met. 373.

*F. A. Wilson,* for the defendant, *contra.*

DICKERSON, J. This was an action on account annexed for the value of certain logs, cut under a permit granted by the plaintiffs to Edward Wilder and by him assigned to them, one-fourth absolutely, and three-fourths collaterally, to secure the plaintiffs for supplies to be furnished by them to Edward, to carry on his part of the operation. One count in the writ declares for logs sold to the defendants individually, and the other for logs sold to them as surviving partners of the firm of E. & E. Wilder.

After the logs arrived at the boom Edward Wilder formed a copartnership with his two brothers, Eugene and Charles, the defendants, for the manufacture of timber, after which the plaintiffs claim that they sold the logs to the firm by a trade with Edward, acting for the firm, and that the firm manufactured the logs for their own use. Edward Wilder afterwards died.

The defendants claimed that no sale was made to the firm, but that it was made either to Edward alone, or that he took the logs as his part of the whole drive. Testimony was introduced tending to prove each of these respective positions.

The defendants were permitted to introduce evidence of the arrangement made between them and their deceased brother, to the

effect that when they entered into copartnership it was agreed be-
tween them that Eugene should put in, as his part of the capital,
the sum of $4,000 in money, and that Edward should put in these
logs, and that in pursuance of this arrangement the money was put
in by Eugene, and these logs were taken, and that they knew of
no purchase from the plaintiffs. No evidence was offered that the
plaintiffs had any knowledge of this arrangement. To this evi-
dence the plaintiffs objected, but the presiding justice overruled
the objection and admitted it. The verdict being for the defend-
ants, the plaintiff excepted to this ruling.

The plaintiffs testified to a sale of the logs to the firm through
Edward, acting, as they supposed, for the firm. It was clearly
competent for the defendants, either in their individual capacity or
as surviving partners, to testify that they knew of no such pur-
chase on account of the firm. But this denial would not ex-
plain the possession of the logs by the firm, or rebut the presump-
tion of a sale arising therefrom. This is not an action of trespass
or trover for the value of the logs. The plaintiffs testify that they
parted with their property in the logs; it is an action on a contract
of sale and delivery of the logs. One of the counts in the writ
charges the sale of the logs to the defendants individually. The
logs being in their possession, must they be restricted in their evi-
dence to a denial of the sale to them, or may they also show that
they came into possession of the logs by purchase from another
party, or in some other way than by purchase of the plaintiffs, in
order to explain their possession or rebut the presumption arising
from that fact? In other words does the law of evidence allow
them to introduce the truth in evidence, or does it prohibit them
from so doing? The question at issue is, was there a sale of the
logs to the defendants?

In addition to direct evidence of a sale to the defendants, the
plaintiffs showed possession of the logs in the defendants as further,
and if unexplained conclusive, evidence of a sale. May not the
defendants rebut such evidence by showing that the inference of a
sale derived from their possession is a false inference, because the

possession itself was obtained otherwise than by a sale to them, and in a manner, too, that in law would relieve them from liability as purchasers, individually or as surviving partners? We think they may, and that it would be a reproach upon the law to hold otherwise. Such evidence is strictly a part of the *res gestœ*; it is counter evidence to the evidence of the plaintiffs upon a material point in the case. The law will not allow one suitor thus to rob his adversary by excluding the truth. Even a party charged with theft or robbery has a right to rebut the inculpation of guilt arising from his possession of the property alleged to have been taken feloniously, by showing that he received it under circumstances that involved no crime. If such evidence is admissible in a criminal prosecution to prevent the accused from being unjustly deprived of his liberty, it would seem to be admissible in a civil suit to save a party from being wrongfully deprived of his property. If the position taken by the defendants at the trial was true, the inference of a sale drawn from possession was deduced from false premises, and they had a right to show that these premises were false, else the plaintiffs might in law win their case by a falsehood when the truth was at hand to refute it. The ruling may have prevented a wrong being done to the defendants, but, if it did, the result is to be set down to the credit of the wisdom of the law, not to the fault of the presiding justice. There being no error in the rulings the result must be, *Exceptions overruled.*

*Judgment on the verdict.*

Appleton, C. J. ; Cutting, Walton, and Barrows, JJ., concurred.