HEMAN L. MAGOON vs. MINNESOTA TRANSFER PACKING COMPANY.

January 20, 1886.

Verdict *held* to be sustained by the evidence.

Plaintiff brought this action in the district court for Hennepin county, to recover the amount alleged to be due upon a contract for a year's employment. The Exhibit A referred to in the opinion, being the contract upon which the action is founded, is as follows, viz.:

"We, the Minnesota Rendering Company" (the name then borne by defendant) "of Minneapolis, Minnesota, county of Hennepin, and state of Minnesota, of the first part, in consideration of certain services to be performed as salesman by H. L. Magoon, party of the second, do agree to pay H. L. Magoon, for his services for one year from the above date, the sum of $1,040, and the above sum shall be payable in instalments of $20 per week. H. L. Magoon shall have the right to demand and collect his pay each week.

"MINNESOTA RENDERING COMPANY.
"Per F. M. UPHAM,
"Secretary."

The complainant alleges that plaintiff entered into defendant's employment on September 4, 1883, and continued therein until April 13, 1884, when, without notice to him and without any just cause or excuse, defendant discharged him, and that he has at all times been willing to comply with the terms of his contract, and asks judgment for the amount remaining unpaid of the sum of $1,040, after deducting a certain sum earned by him prior to September 4, 1884. The answer admits that plaintiff was employed by defendant, but alleges that such employment was by the week only, and that plaintiff was incompetent, indolent, negligent, and disobedient, and was discharged for cause; that plaintiff acquiesced in and accepted his discharge, and that, upon such discharge, plaintiff and defendant had a full settlement and accounting of the amount due plaintiff, which amount was duly paid and accepted.

The action was tried before *Lochren,* J., and a jury, and plaintiff had a verdict. Defendant appeals from an order refusing a new trial.

*Wm. S. Moore* and *Robinson & Baker,* for appellant.

*J. L. Dobbin,* for respondent.

BERRY, J. This is a case of great conflict of testimony. The plaintiff and his witnesses swear to a state of facts going to establish his right of recovery, while the defendants swear to a contrary state of facts as respects most of the material points in the case. In such circumstances it is not for us to disturb the verdict if there is competent evidence having a reasonable tendency to sustain it. There is, in our opinion, evidence of that character, reasonably tending to show—*First,* that Upham was authorized, in behalf of defendant, to make the contract for plaintiff's services evidenced by Exhibit A. This is the fair effect of his testimony that he was "manager of the Minneapolis department of the company; * * * had charge of the Minneapolis department, and hired all the help, or nearly all the help; * * * was supposed to run this part of the business, * * * and to hire and discharge help, and the office was under my supervision. In the discharge of that duty as manager, I employed Mr. Magoon,"—and also of his and other testimony showing recognition of his acts by the company through its officers and agents. *Second.* That Upham did in fact make, in defendant's behalf, the contract evidenced by Exhibit A, with plaintiff. *Third.* That plaintiff, although he did not sign Exhibit A, agreed to it on his part, and went to work under it, and continued so to do for over 30 weeks, and until he was discharged on or about April 13th. *Fourth.* That he was wrongfully discharged by defendant before the expiration of the year for which his services were engaged as per Exhibit A. *Fifth.* That there was a balance due him for services rendered under the terms of Exhibit A prior to his discharge. That upon these facts the plaintiff was entitled to recover, would appear to be clear without argument. As to the amount of the verdict, there would seem to be no serious complaint on defendant's part, if the foregoing facts are found to exist.

Upon the evidence and finding of the jury, Exhibit A is not a unilateral contract in any sense, except that it was *executed* by one party

only.   It was agreed to by the other party verbally, and, as it evidenced a contract which might have been verbal altogether and upon both sides, this is sufficient to make the contract that of both parties.

The effect and significance of the plaintiff's conduct at the time of his discharge and subsequently, and in writing letters to defendant's representative upon the question of the honesty and validity of the claim which he makes in this action, were fairly and very fully left to the jury, together with the other matters in controversy, by the charge of the court, to which no exception appears to have been taken.

We find no reason for disturbing the result, and the order denying a new trial is accordingly affirmed.