LEVI H. GRIFFIN *vs.* CHRISTIAN BRISTLE.

November 23, 1888.

**Conversion—Consent of Owner.**—A disposition of property consented to by the owner is not a conversion of it.

**Evidence—Hearsay.**—Hearsay evidence is not admissible.

**Contract Signed by only One Party.**—A written instrument, upon its face importing a complete contract, signed by or in behalf of one party only, but in such form that evidently no other signature is contemplated, the same being accepted and acted upon as a contract by the other party, is to be regarded as expressing and constituting the contract of the parties.

Appeal by defendant from an order of the district court for Carver county, *Edson*, J., presiding, refusing a new trial after verdict for plaintiff.

*Odell & Steidl*, for appellant.

*E. T. Smith*, for respondent.

DICKINSON, J. This is an action to recover for the alleged conversion of wheat, which the plaintiff had caused to be delivered to the defendant, at Carver, in this state. The claim of the plaintiff is that the defendant received the wheat simply for storage in a warehouse at Carver. The claim of the defendant is that he was conducting the warehouse as the agent of Ehle & Co., of Minneapolis, and that, as was known to the plaintiff, Ehle & Co. were the real parties to the contract, the defendant acting only as their agent, and that the wheat was received for shipment to them. The wheat was in fact shipped by the defendant to Ehle & Co. They have since become insolvent. This shipment of the wheat to Ehle & Co. is relied upon by the plaintiff as a conversion of the property.

The court erred in excluding the testimony of the plaintiff, upon his cross-examination, as to whether he did not himself haul the wheat from the warehouse to the cars for shipment to Ehle & Co., upon the statement of the defendant that he had orders to so dispose of it. If the plaintiff consented to, or knowingly participated in, such a disposition of the property, the transaction was not a conversion.

It was error to allow the plaintiff to state what he had previously related to Knoblauch as to the matter in controversy.

But upon other grounds we are of the opinion that the verdict for the plaintiff cannot stand. It appears that when the wheat was delivered to the defendant, no express agreement was made concerning it. According to the plaintiff's testimony the defendant had some time before that told the plaintiff that he was going to buy wheat again, and that he had a warehouse; and the plaintiff had told him that he would "send him some wheat." Two or three days, or perhaps a week, after the delivery of the wheat by the plaintiff's agent, the plaintiff went to the defendant to complete the transaction, as it seems, and received from him the following written instrument: "No. 92. CARVER STATION, Sep. 13, 1886. This is to certify that L. H. Griffin has stored 123 1-6 bushels No. 1 hard wheat, for shipment to G. W. Ehle & Co., Minneapolis, Minn. CHRIST. BRISTLE, Buyer." The plaintiff retained this instrument without objection, and afterwards pledged it as collateral security for an indebtedness, thus treating it as embodying and evidencing his contract; and not until several months afterwards, and after the plaintiff had been informed of the financial irresponsibility of Ehle & Co., was any demand made upon this defendant. The testimony of the plaintiff as to his not knowing anything about Ehle & Co. was insufficient to impair the effect of this written instrument. He does not show that he did not know its contents, nor was there disclosed any reason justifying ignorance on his part. Upon the case presented it seems apparent that the plaintiff procured this instrument for the very purpose of completing and evidencing his contract concerning the wheat which he had a few days before sent to the warehouse. No other reason or purpose is apparent, either from the circumstances attending its procurement, or from the manner in which it was retained and used by the plaintiff. The fact that this instrument was signed only by or in behalf of one party did not prevent its operative effect as evidence of the contract, it having been accepted and acted upon as such by the other party. *Magoon* v. *Minn. Transfer Packing Co.*, 34 Minn. 434, (26 N. W. Rep. 235;) *Brandon Mfg. Co.* v. *Morse*, 48 Vt. 322; *Bulwinkle* v. *Cramer*, 27 So. Car. 376, (3 S. E. Rep. 776;) *Smith* v. *Jeffryes*, 15 Mees. &

W. 561; *Greaves* v. *Ashlin*, 3 Camp. 426; *Hotson* v. *Browne*, 9 C. B. (N. S.) 442; Leake, Cont. 184, 218. The verdict cannot stand, in view of the effect which must be ascribed to this writing, which the parties adopted to express their agreement; for it is there expressly stated that the wheat had been stored "for shipment to G. W. Ehle & Co., Minneapolis." It was so shipped. That was not a conversion, if, as the fact appears to have been, the property was thus disposed of with the assent of the plaintiff.

Order reversed.