JOHN F. FREDIN and Others v. BENJAMIN B. RICHARDS and Another.[1]

September 24, 1896.

Nos. 10,064—(240).

**Evidence—Conversations and Correspondence with Third Party.**

> On the trial of an issue as to whether the defendants were the owners of certain money loaned by them, and the notes taken therefor, payable to certain banks, the defendants offered in evidence certain conversations and correspondence between them and the banks, tending to show that the money and notes were the property of such banks, and that the defendants, in making the loan, acted simply as loan brokers for the banks.  *Held*, that such evidence was competent and relevant, and its exclusion was error.

Action in the district court for St. Louis county.    The facts which appeared upon the trial were as follows:    In June, 1891, one P. L. Peterson, in consideration of a loan of money to him, made his promissory note for $4,000, payable to the Beaver Valley Bank of Parkersburg, Iowa, due in six months, with interest at the rate of 8 per cent. per annum.    Upon this note plaintiffs were accommodation indorsers and guarantors, and with the note Peterson deposited  as collateral certain shares of stock.    At maturity this note was surrendered to Peterson, and a note for $4,000, dated December 16, 1891, was made by him, payable to the Cascade Bank of Cascade, Iowa, due in six months, with interest from maturity, and with the same guarantors and the same collateral.    April 23, 1892, Peterson paid $2,000 upon this note, and the collateral was surrendered to him. At maturity the note was surrendered to him, and a note for $2,000, dated June 18, 1892, was made by him, payable to the Dubuque National Bank of Dubuque, Iowa, due in 90 days, with interest from maturity, and with the same guarantors.    This note was extended for a period of six months, and, it not being paid, suit was brought on it by the Dubuque National Bank against Peterson and plaintiffs, and judgment was rendered therein in favor of the bank, March 22, 1894, for the amount then due, with costs, amounting to $2,373.11. March 29, 1894, this judgment was paid by plaintiffs.

Plaintiffs contended that the moneys loaned to Peterson were the

1 Reported in 68 N. W. 402.

moneys of defendants, and that the three notes referred to belonged in fact to defendants, who inserted and used the names of the differ- ent banks as a mere colorable device to avoid usury; while defend- ants contended that they were loan brokers, and had no interest in the moneys loaned to Peterson, or in the notes executed therefor, and that the moneys and notes belonged to the banks to which the notes were payable. The case was submitted to the jury upon the issue of the ownership of the moneys loaned to Peterson and of the notes given therefor. The court instructed the jury in accordance with the rule of damages contended for by plaintiffs, and a verdict was rendered in their favor for $2,658.74.

Plaintiffs further contended that the collateral was deposited as security with their knowledge; that they relied thereon, and would not have signed the original note, or any of the renewal notes or guaranties, except for their belief that the collateral was still on de- posit with defendants; and that, by reason of the surrender of the collateral, they were damaged to the extent of its value, less the sum of $2,000, paid on the Cascade Bank note, up to the full amount which they paid on the judgment.

From an order, Ensign, J., denying a motion for a new trial, de- fendants appealed. Reversed.

*Cotton, Dibell & Reynolds*, for appellants.

*Draper, Davis & Hollister*, for respondents.

PER CURIAM.[2] It was held upon the former appeal in this case (see 61 Minn. 490, 63 N. W. 1031) that the facts alleged in the first count of the complaint did not state a cause of action, but that the second count did, and a new trial was granted on the second count. The second trial resulted in a verdict for the plaintiffs, and the de- fendants appealed from an order denying their motion for a new trial.

One of the material issues on the trial was whether the money and notes described in the complaint belonged to the defendants, or were the property of the several banks named in the notes as payees. The right of the plaintiffs to recover depended upon the proposition that such money and notes were in fact the property of the defendants. The claim of the defendants was that they were loan brokers, and

[2] Mitchell, J., took no part.

loaned the money in question, and took the notes therefor, payable to the banks as such brokers, and that they never had any interest in the money or notes, but that they were at all times the property of the banks. This issue was sharply contested on the trial, and the defendants, in support of their claim, offered in evidence conversations between one of the defendants and the officers of the banks, and certain correspondence between the defendants and the banks, tending to show that the defendants had an arrangement with the banks whereby they were to make investments for the banks, and that the money in question was loaned and the notes were taken pursuant to such arrangement. The rejection of this evidence by the trial court is assigned as error.

The rule is settled, as claimed by counsel for the plaintiffs, that, in general, in order to confirm the testimony of a party, evidence is not admissible to prove his previous declarations out of court in his own favor. Griffin v. Bristle, 39 Minn. 456, 40 N. W. 523; Whitney v. Houghton, 125 Mass. 451. But this rule has no application to this case, for the evidence offered was original evidence, tending to prove a fact relevant and material to the issue, and to rebut evidence given by the plaintiffs tending to establish their claim that the money loaned and the notes belonged to the defendants. In an action between the defendants and the banks involving the same issue, there could be no question as to the competency and materiality of the evidence offered by the defendants. In such a case the only way to prove to whom the money and notes belonged would be to show the conversations, correspondence, and acts of the parties in the premises. Now, because the issue happens to be between a third party, the plaintiffs, and the defendants, the rule of evidence is not changed. The same relevant and material fact may be proved in each case by the same evidence. Schmidt v. Baumann, 36 Minn. 189, 30 N. W. 765; Lewis v. Havens, 40 Conn. 363; Fuller v. Wilder, 61 Me. 525; Regan v. Dickinson, 105 Mass. 112.

The trial court erred in rejecting so much of the offered evidence as tended to show that the defendants had an arrangement with the banks to loan their money for them, and that the money and notes in question were loaned and taken pursuant to such arrangement. The evidence actually received on this issue did not render the error harmless, and for this error a new trial must be had.

This renders it unnecessary to consider any other of the assignments of error, except, in view of another trial, to say that the trial court, upon the evidence, submitted the proper rule of damages to the jury.

Order reversed, and a new trial granted.