RAMSAY REALTY Co., Appellee, v. ED. I. RAMSAY, Appellant.

**Contracts:** EXECUTION: MUTUALITY. One whose agreement has been reduced to writing and who has accepted the benefits of the same is bound thereby, although he in fact signed the same in a representative capacity.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

MONDAY, OCTOBER 21, 1907.

SUIT in equity to enjoin defendant from engaging in the real estate, loan, insurance, and abstract business in the city of Albia, and in Monroe county, Iowa. A temporary writ of injunction was issued, which defendant moved to dissolve. This motion was overruled, and defendant appeals.— *Affirmed.*

*John T. Clarkson,* for appellant.

*Anderson & Everett,* for appellee.

DEEMER, J.— The motion to dissolve was practically a demurrer to the petition, and in order to determine the correctness of the ruling we must go to this petition for the facts. Referring to that, we find that, prior to the making of the contract to which we shall presently refer, defendant, Ed. I. Ramsay, was the owner of all the stock and property of the Ramsay Realty Company, a corporation organized under the laws of this State for the purpose of making abstracts, loaning money, writing insurance, etc., and that the said Ramsay, being desirous of disposing of his business, undertook to sell the same to various persons named. These

parties agreeing upon a price and the terms and conditions of
a sale, they reduced their agreement to writing, from which
we make the following quotations:

That the said party of the first part (the Ramsay Realty
Company) hereby gives the said parties of the second part
the exclusive right to purchase all stock of the Ramsay
Realty Company, more particularly described as follows, to
wit: Its entire business, including insurance, loan business,
abstract business, all abstract books and books of every kind
and nature used in connection with said abstract books, all
supplies, furniture, and fixtures used in and about said
business including desks, chairs, two typewriters (Smith
Premiers) blank forms of every kind and description and
stationery. The typewriter and desk in private office is re-
served, but will be left in office for use of company so long as
Ed. I. Ramsay shall remain with the company, together with
the good will of all the business of the said Ramsay Realty
Company for the period of thirty days from the date of this
agreement. And the said parties of the second part, if they
elect to purchase said Ramsay Realty Company within the
time above specified, for the consideration of the transfer of
the same Ramsay Realty Company of all its stock and
property above described and for the transfer of the good will
of the business of said company, agree to pay the said Ram-
say Realty Company the sum of seven thousand dollars. It
is further stipulated and agreed by the said party of the
first part that, in case the said parties of the second part
elect to purchase under the terms and within the time
stipulated herein, then and in that event the said Ramsay
Realty Company, and Ed. I. Ramsay, for the consideration
hereinbefore mentioned, contract and agree to and with the
said second parties that he will not enter into the abstract
business in the city of Albia, Monroe county, for a period
of ten years from this date, nor become in any way con-
nected with the abstract, real estate, loan, or insurance busi-
ness in said city of Albia, or Monroe county, except to en-
gage in the employment and interest of said second parties.
In case of sale, said company agrees to keep said Ramsay in
their employ for the sum of $65.00 per month for at least
one year from the date of sale and so much longer as they
may agree upon terms. It is further agreed that in case

said second parties elect to purchase the said Ramsay Realty Company under the terms and conditions of this agreement, then and in that event the said Ramsay Realty Company hereby contracts and agrees to and for the consideration hereinbefore mentioned make the transfer of its stock to said second parties free and clear of all liens and incumbrances whatsoever except the said mortgage of $2,000 hereinbefore mentioned and to execute a bill of sale to said second parties for all the property of said company. Signed in duplicate this 1st day of July, 1905. Ramsay Realty Company, by Ed. I. Ramsay, President, First Party. D. W. Bates, W. B. Lutz, Second Parties.

The form of the signatures is important; as appellant bases his entire argument upon the thought that he did not individually sign the agreement, and consequently is not bound thereby. There is no doubt that according to the terms of the contract Ed. I. Ramsay's agreement not to engage in the abstract and loan business was a part of the consideration therefor, and that, had he personally signed the agreement, he would have been bound thereby. But it is said that, as he did not sign the agreement, except in a representative capacity, he is not bound. It is, no doubt, true that the signature of Ramsay as it appears upon the contract would not ordinarily bind him personally under the rule as now announced by this court. But it is also well settled that one may be bound by a written contract, although he does not sign it in his individual name. *Bacon v. Daniels,* 37 Ohio St. 279; *Sellers v. Greer,* 172 Ill. 549 (50 N. E. 246, 40 L. R. A. 589); *Vogel v. Pekoc,* 157 Ill. 339 (42 N. E. 386, 30 L. R. A. 491); *Magoon v. Minnesota Co.,* 34 Minn. 434 (26 N. W. 235). If one party signs a contract, and the other acquiesces therein or acts under it, it is binding upon both. *Forthman v. Deters,* 206 Ill. 159 (69 N. E. 97, 99 Am. St. Rep. 145); *Muscatine Co. v. Lumber Co.,* 85 Iowa, 112.

By the express terms of the writing, Ed. I. Ramsay personally agreed that he would not enter into the abstract

business in the city of Albia or Monroe county for the period of ten years, and this he did in consideration of the sale of stock and property of the Ramsay Realty Company owned by him.   True he did not sign the agreement except in a representative capacity; but he did accept the benefits of the contract, and cannot now be heard to say that he will not be bound by its burdens.   It is as binding upon him as if he had personally signed it.   Unless a contract is required by statute or arbitrary rule to be in writing, it need not be signed by the party to be charged, provided it be accepted and acted on by him.   This doctrine is so·fundamental as not to need the citation of authorities.   But see 9 Cyc. 300, and cases cited.   There is no doubt that defendant had the benefit of the contract, accepted and acted upon it, and is bound thereby, although he did not sign the same in his individual capacity.   It was not the Ramsay Realty Company which agreed that Ed. I. Ramsay should not engage in the abstract business, etc., but Ed. I. Ramsay himself.   The contract was for the benefit of Ed. I. Ramsay, and he accepted these benefits and had the consideration for a promise which it is claimed he made, although he did not sign the agreement in proper form.   The object of a signature to an agreement is to show mutuality; but this except where a signature is expresssly required, may be shown in some other way.

The trial court was right in refusing to dissolve the temporary writ of injunction, and its order must be, and it is *affirmed*.