### Elbridge Hanecy, Appellee, v. Benjamin E. Page, Appellant.

## Gen. No. 21,824.

1. PLEDGES, § 44*—*what evidence is admissible in action between assignees of stock.*   In an action between assignees of corporate stock, where defendant denied plaintiff's claim that he had notified the defendant of the assignment to him of the stock prior to defendant's making an additional loan thereon to the owner thereof, evidence showing the manner in which defendant secured possession of the stock, and the items of the indebtedness for which it was held by the defendant as collateral security, together with canceled checks of the defendant evidencing the loans, is admissible.

2. PLEDGES, § 44*—*what evidence is admissible to show title of pledgee.*   Where certificates of stock which had been held by defendant as collateral security for a loan were sent to New York, for transfer to defendant's name so as to permit of a sale thereof by the owner, and while in transit they were assigned by the owner to plaintiff prior to the making of an additional loan thereon by defendant to the owner, evidence as to the arrangement between defendant and the owner under which the certificates were sent to New York is material on the question of defendant's title.

3. PLEDGES, § 44*—*when evidence as to discussion of plaintiff's claim by defendant and pledgor improperly excluded.*   In an action

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

between assignees of stock, where defendant, who had held the stock as security, denied having received notice of the assignment of same to plaintiff prior to making an additional loan thereon to the owner, a question addressed to defendant as to whether on or about the date of the assignment to plaintiff he had discussed the matter of plaintiff's claim to the stock with the owner, *held* improperly excluded on the ground that the conversation occurred in plaintiff's absence.

4. PLEDGES, § 44*—*what evidence is admissible in action between assignees of stock.* Where in an action to recover the proceeds of the sale of stock plaintiff relied upon an assignment of the stock, which at the time had been pledged to defendant to secure prior loans, evidence that after the date of such assignment defendant without notice thereof advanced an additional sum to the owner thereof, on the security of such stock, and that said loan was evidenced by a check payable to the owner, indorsed by him and marked "canceled," is admissible.

5. PLEDGES, § 44*—*when instruction on burden of proof to show notice of assignment of stock is improperly refused.* Where, in an action by the assignee of stock to recover the proceeds of the sale thereof, the defendant, who at the time of the assignment to plaintiff was the pledgee of said stock, claimed to have advanced an additional sum to the owner of said security in ignorance of the assignment to plaintiff, an instruction that plaintiff in order to recover must show by a preponderance of the evidence that defendant had notice of the assignment of the stock to plaintiff prior to or at the time of the making of the additional loan to the owner, *held* improperly refused.

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed December 19, 1916.

MILLER, STARR, BROWN, PACKARD & PECKHAM, for appellant.

WILLIAM A. ROGAN, for appellee.

MR. JUSTICE MCDONALD delivered the opinion of the court.

Appellee, as assignee of one hundred shares of certain stock from one Francis G. Porter, brought suit

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and recovered judgment against appellant, Benjamin E. Page, for moneys alleged to have been wrongfully withheld from the proceeds of the sale of said stock. There were two trials. The first resulted in a verdict for the defendant, and a new trial was granted. On the second trial the jury returned a verdict for the plaintiff, and the judgment herein complained of was entered thereon.

During the month of July, 1913, defendant loaned said Porter $1,300, to be repaid within a few days. Very shortly thereafter, upon request of the said Porter, defendant loaned him an additional $2,200, making in all $3,500, for which amount the latter gave defendant his note, and also assigned and delivered to him, as security, the stock in question. Defendant in turn borrowed a like amount from the Colonial Trust & Savings Bank of Chicago, for which he gave his note and pledged the stock in question as collateral security. A few days later, the said Porter decided to sell said stock, and thereupon he made an arrangement with defendant to procure the certificate from the bank and send it to New York to have the stock transferred to defendant's name so he (defendant) could make delivery thereof to the purchaser. On August 4, 1913, while the stock certificate was in process of transmission between Chicago and New York, the said Porter applied to defendant for an additional $2,500, assuring defendant that the proceeds from the stock pledged to him was ample security to cover same, as well as the $3,500 already loaned. Defendant thereupon made the additional loan—making Porter's total indebtedness to him $6,000. The stock having been transferred on the books and a new certificate issued to Page, it was returned in due time and on sale thereof a check for $6,991.25 was delivered by the brokers to Porter, who delivered it to defendant. The latter then paid himself the $6,000 due from Porter and gave him his

check for $991.25, the balance due him on the sale of said stock. On August 1, 1913, a few days before defendant made the $2,500 loan to Porter, and while said stock was still pledged with defendant and on its way to New York as aforesaid, as was then known to plaintiff, the said Porter executed a written assignment of his interest in the stock to plaintiff, on which the latter's claim in the case at bar is based.

The controversy hinges on the question of whether defendant had notice of such assignment at the time he made the additional loan of $2,500, as to which there is a conflict of evidence. Plaintiff testified in his own behalf that he notified defendant of this assignment immediately after receiving it. This was denied by the defendant. They were the only witnesses who testified in the case.

From the foregoing it will be seen that the controversy between the parties involved a conflict of title to the proceeds of the stock. It is immaterial to the question which right was superior, that plaintiff's assignment was in writing and defendant's was an oral assignment accompanied by delivery to defendant of the stock for the purpose aforesaid. Under such circumstances the controlling question was whether defendant had received notice of plaintiff's rights before making the additional loan on the faith of the security so in his possession and control.

Having denied receiving notice of plaintiff's claim prior to the additional loan, defendant in support of his claim sought to show by his own testimony that on July 18, 1913, he loaned Porter $2,200 and took his note for $2,300; that on July 21st Porter paid defendant $1,000 on said note; that on July 23rd the said Porter delivered the said stock to defendant, with the request to raise some money on same; that defendant borrowed $3,500, pledging said stock with his own note, to the Colonial Trust & Savings Bank; that out

of the proceeds of that loan he paid himself the $1,300 that was still due on the original note of Porter for $2,300, and gave Porter his check for $2,182.50, dated July 22, 1913, taking the latter's note for $3,500, due in thirty days, evidencing the transaction between Porter and himself.   All this was relevant to establishing the amount of defendant's claim to the proceeds of the pledged stock.   Upon objection by plaintiff this testimony was excluded.   Defendant also sought to introduce in evidence certain canceled checks as evidence of payment of money to Porter, for the repayment of which the said stock was pledged, but on objection by plaintiff the court made the anomalous ruling of admitting the checks in evidence but excluding them from the consideration of the jury.   Defendant then testified that the stock certificate on August 2, 1913, was in transit to New York or return, but was denied the right to state why and under what arrangement with Porter it was sent there.   Defendant having disclaimed any notice of plaintiff's assignment, said proof was material to the establishment of his own.

Defendant, after having testified that he had received no notice from plaintiff or any one on his behalf, of this assignment, was asked whether the matter of plaintiff's claim to said stock was discussed with Porter on or about August 2nd.   An objection to this question was wrongfully sustained by the court, upon the ground that this occurred during plaintiff's absence.   Defendant then offered to prove that on August 4th, he loaned Porter $2,500 on the security of the stock in question or its proceeds, and without notice of plaintiff's assignment; that said loan was made at Porter's request, and that said sum was evidenced by a check on the Colonial Trust & Savings Bank, dated August 4, 1913, to the order of Porter, and by him indorsed, and marked "canceled"; but all of the foregoing offered evidence was excluded by the court.   It

is difficult to perceive upon what theory the court proceeded in thus excluding evidence that was unquestionably competent to show defendant's interest in the stock or the proceeds thereof which he claimed was pledged to secure the additional loan of $2,500—a showing that was vital to his defense.

In volume 12, Encyclopedia of Evidence, p. 599, it is stated:

"Testimony as to statements, declarations and conduct which would otherwise be inadmissible as evidence of title or against it, is often admitted as part of the *res gestæ* when such statements or declarations were made, or such conduct took place at the time of the transaction in which the alleged title was acquired or lost, or when the claim of title is of such a nature, or arises under such circumstances that it can only be proved by acts and words of the claimant. In such cases even self-serving declarations are sometimes admitted as evidence of the title of the declarant. * * *

"Testimony as to the possession of * * * specified personal property by a particular person, is admissible (subject to the best evidence rule) as evidence of his title thereto at the time of such possession."

In *Lewis v. Havens*, 40 Conn. 363, it was contended that certain statements made outside the hearing and in the absence of plaintiff were not admissible. In that case the question under consideration was whether or not the defendant had taken possession of certain premises. It was claimed by plaintiff that defendant had taken possession through a certain woman whom defendant was alleged to have employed to clean the premises. Defendant denied such employment and introduced evidence of a parol agreement between the said woman and another person, to clean the premises, and the court in holding this evidence admissible, stated, p. 368:

"What transpired did not concern the plaintiff. He had no interest in the matter. His presence or absence was of no importance. If he had been present he

would have been an idle spectator, and the facts would have remained the same.''

To the same effect are: *Gill v. Crosby,* 63 Ill. 190; *First Nat. Bank of Monmouth v. Strang,* 138 Ill. 347; *Fredin v. Richards,* 66 Minn. 46, 68 N. W. 402; *Fuller v. Wilder,* 61 Me. 525; *Johnson v. Elliot,* 26 N. H. 67; *Atherton v. Tilton,* 44 N. H. 452. The foregoing represent the overwhelming weight of authority on this question.

By the erroneous rulings of the court, defendant was denied the right of showing by what authority he retained the $2,500 that plaintiff claimed did not belong to him. Without such testimony being brought to the attention of the jury, defendant was placed in the unfavorable position of one who had appropriated to his own use money which did not belong to him, the evidence admitted on behalf of defendant being too meager to disclose the entire transaction.

Defendant also requested the court to instruct the jury that, in order to recover, plaintiff must show by a preponderance of the evidence that defendant had notice of the assignment of the stock in question to plaintiff, prior to or at the time he made the additional loan of $2,500 to Porter. This instruction went to the vital question at issue and it was error to refuse it.

For the reasons hereinabove assigned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*