## JOHN H. HANSON v. ED. JOHNSON AND ANOTHER.[1]

December 12, 1924.

No. 24,240.

**Verbal act of tenant admissible to prove title of landlord.**

1. In proving title to corn in the crib on a farm owned by plaintiff it is not hearsay nor self-serving to prove conduct of parties for the purpose of showing a division; to also show that the tenant pointed to the crib and told the plaintiff that the particular crib of corn was his share, the language under the curcumstances being a verbal act.

**When subsequent statements of tenant are inadmissible.**

2. Subsequent statements of the tenant made to others are inadmissible in the absence of a showing that plaintiff had made him his agent to determine ownership.

Action in conversion in the district court for Nobles county against Ed Johnson and State Bank of Round Lake to recover $295.50 for conversion of corn. The case was tried before Nelson, J., who ordered judgment in favor of plaintiff for $196.50 and interest. From the judgment defendants appealed. Affirmed.

*James G. Mott* and *E. H. Nicholas,* for appellants.

*Canfield & Michael* and *Harold M. Dakin,* for respondent.

WILSON, C. J.

Action in conversion. Appeal from judgment by defendants. Case was tried to the court without a jury. It is claimed that the court erred in the reception of evidence.

Plaintiff owned and leased a farm to one Schrik under a written lease, the terms of which gave plaintiff 2/5 of the corn grown. The tenant gave a mortgage to defendant bank on his share of the crops. The tenant's mortgaged property was sold at auction by the bank with his permission. At this sale a crib of corn containing

[1]Reported in 201 N. W. 322.

393 bushels was sold by the bank to defendant Johnson. If plaintiff owned the corn it was converted by defendants.

1. In an effort to prove that the corn was owned by plaintiff and that it was a part of his share, he testified, over the objection of hearsay and self-serving, that when the tenant was about through husking corn he was on the farm and the tenant pointed out the corn in question (and a double crib of corn) and said: "Mr. Hanson, here is your corn for this year, this double crib here and this single crib here is your share for this year's corn; this belongs to you, Mr. Hanson." A bystander was called and against the same objection testified to having heard the talk in substantially the same language.

There is no question but that plaintiff owned some corn. It was necessary to identify it. The division made his share definite. This division and identity was made by the acts of tenant in husking the corn and putting it in separate cribs and then his telling Hanson which was his share and the latter's acquiescence therein. The language of the tenant was the very fact necessary to be proved. The verbal part of the transaction between plaintiff and the tenant was necessary to prove the fact. The words were the verbal acts. They aid in giving legal significance to the conduct of the parties. They accompanied the conduct. There could be no division without words or gestures identifying the respective shares. This was a fact to be shown in the chain of proof of title. It was competent evidence. It was not hearsay nor self-serving. 3 Wigmore, Ev. (2d ed.) §§ 1770, 1772-1777. As between plaintiff and the tenant this evidence would be admissible. It was original evidence. The issues here being between different persons does not change the rule. Fredin v. Richards, 66 Minn. 46, 68 N. W. 402; State Bank of Winsted v. Strandberg, 148 Minn. 108, 180 N. W. 1006; Hughes, Ev. (1906 ed.) p. 139, § 12.

2. The court refused to permit defendant to prove what the tenant told the bank officials at the time of the sale as to who owned this corn. The cashier of the bank testified that plaintiff had told him over the phone that Schrik would show him where the corn was. Defendant claimed this was sufficient to justify the court

in receiving the excluded evidence. We think not. It was insufficient to make the tenant plaintiff's agent to determine ownership. In the absence of such, it was not admissible upon any theory.

There is evidence to sustain the findings of the court, and the record is free from error.

Affirmed.