**BYRD INTERNATIONAL OF DALLAS, INC., Appellant,**

v.

**ELECTRONIC DATA SYSTEMS CORPORATION, Appellee.**

No. 20924.

Court of Appeals of Texas, Dallas.

Feb. 11, 1982.

Rehearing Denied March 17, 1982.

Larry Feldman, Dallas, for appellant.

David C. Kent, Dallas, for appellee.

Before CARVER, STOREY and ALLEN, JJ.

ALLEN, Justice.

Electronic Data Systems Corporation (EDS) brought this action against Byrd International of Dallas, Inc. (Byrd International) for breach of an employment agency fee contract. The trial court granted EDS's motion for summary judgment and this appeal followed. We hold that EDS, as movant, has met its burden of proving all the essential elements of its cause of action, and that Byrd International, as non-movant, has failed to produce admissible summary judgment evidence to show a genuine issue of material fact. Accordingly, we affirm the trial court's finding that EDS was entitled to judgment as a matter of law.

Byrd International is an employment agency with its headquarters in Dallas, Texas. In April, 1979, EDS utilized the services of Byrd International in hiring Larry E. Scherschel to work at its Federal Corporation subsidiary. EDS paid Byrd International $6,600 for this service with the condition that the fee would be refunded if Scherschel left the employment of EDS within six months after being hired. The parties also provided that the refund agreement would be inoperative in the event that Scherschel was terminated by EDS. It is uncontroverted that EDS paid the $6,600 fee to Byrd International and that Scherschel worked for EDS less than six months.

Our record does not contain a copy of the original employment agency fee contract between the parties, however, the original agreement was supplemented by a letter dated June 6, 1979 from Byrd International to EDS stating:

This letter is to inform you of my decision to amend Byrd International of Dallas, Inc's thirty (30) day unconditional guarantee to a six month guarantee of employment at EDS by Larry Scherschel, *excepting termination by EDS.* (emphasis added).

Additionally, Byrd International filed an admission in the record that it "agreed in writing to refund the fee of $6,600 to EDS in the event that Scherschel left the employment of EDS within six months after beginning to work there, *unless Scherschel's employment was involuntarily terminated by EDS within that six month period.*" (emphasis added).

Byrd International contends that the trial court erred in granting summary judgment in favor of EDS because it had established that there existed a genuine issue as to whether Scherschel was terminated by EDS. A summary judgment movant has the burden to establish its entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of its cause of action, or defense, as a matter of law. *Missouri-Kansas-Texas Railroad Co. v. City of Dallas*, 623 S.W.2d 296 (Tex.1981); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The non-movant, (Byrd International herein), must then expressly present to the trial court any reason seeking to avoid the movant's entitlement. *City of Houston v. Clear Creek Basin Authority, supra.* This reason must also be supported by competent summary judgment evidence sufficient to raise an issue of material fact for trial. *Texas International Airlines v. Wits Air Freight*, 608 S.W.2d 828 (Tex.Civ. App.—Dallas 1980, no writ). In this case, EDS had the burden to prove conclusively (1) that a valid and enforceable contract was entered into; (2) that consideration in the amount of $6,600 was paid by EDS to Byrd International for the services of Larry Scherschel; (3) that Scherschel left the employ of EDS within six months after being hired; (4) that Byrd International failed to refund the $6,600 fee as provided in the contract; and (5) that the employee *was not terminated* by EDS. Since the existence of the first four elements is uncontradicted in the record, the crucial inquiry in this case is

determining whether EDS has met its burden of proving that the employee *was not terminated*, i.e. that he voluntarily resigned.

■ In order to prevail on its motion for summary judgment, EDS as movant had the burden of coming forward with competent summary judgment evidence sufficient to obtain an instructed verdict at trial. *Valley Stockyards Co. v. Kinsel*, 369 S.W.2d 19 (Tex.1963). A motion for summary judgment should only be granted if there is no material issue of fact upon which reasonable men could differ. *Portnow v. Berg*, 593 S.W.2d 843 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). In this case, the trial court correctly found that the affidavits presented by EDS sufficiently established that Scherschel *was not* involuntarily terminated. The affidavit of Everett Warner recites that he was Scherschel's first line supervisor at EDS's Federal Corporation subsidiary and would have been the person responsible for recommending that Scherschel be fired or terminated. Warner went on to state:

> Mr. Scherschel did not report to work on Saturday, July 14, 1979. On or about July 16, 1979, I received a telephone call at work from a person who identified himself as Larry Scherschel and whose voice I recognized as being that of Mr. Scherschel. He asked me if we had missed him on Saturday. I said we had. He then said he wanted to resign, did not want to work for the company anymore, and requested that I get the paperwork going to get him out of the company. When I asked him why he was quitting he said that he just did not want to work for EDS/F any longer and gave no further reason or explanation.

Michael P. Burnworth affirmed in his affidavit that he was the manager of the General Systems Department of EDS and was one of two people who would have the authority to fire or terminate Scherschel. Burnworth further stated:

> On or about July 16 or 17, 1979, I learned that Mr. Scherschel was resigning from EDS/F.

I talked briefly with him at that time about his decision to resign. He gave me no reason or explanation other than to say that he was leaving the company and did not want to work there anymore.

Contrary to Byrd International's contentions that the assertions of these two former EDS employees are bottomed on hearsay, we conclude that the affidavits are sufficient to support EDS's motion for summary judgment. In some instances utterances or words may be entered into evidence irrespective of the truth of any assertion they may contain. This occurs when the utterance accompanies conduct to which it is desired to attach some legal effect. In these classes of cases the words proven constitute a necessary part of the cause of action or defense, or are "operative" facts or part of the "ultimate issue" in controversy. Since the utterance or writing of the words is itself the fact to be proved, the admission into evidence of this "verbal act" is not hearsay. *See* 1A Texas Law of Evidence, 3rd Ed. § 795 (West 1980); VI Wigmore on Evidence § 1772 (Chadbourn Rev. 1976).

■ The often cited case of *Hanson v. Johnson,* 161 Minn. 229, 201 N.W. 322 (1924) is illustrative of this principle. In that case, Hanson sued Johnson for the conversion of 393 bushels of corn. In an effort to prove that he was the true owner of the corn, Hanson offered the testimony of a bystander who stated that he had overheard the following conversation between Hanson and one of his tenants:

> Mr. Hanson, here is your corn for this year, this double crib here and this single crib here is your share for this year's corn; this belongs to you, Mr. Hanson.

The Minnesota Supreme Court held that this statement was not hearsay:

> There is no question but that plaintiff [Hanson] owned some corn. It was necessary to identify it.... The language of the tenant was the very fact necessary to be proved. The verbal part of the transaction between plaintiff and the tenant was necessary to prove the fact. The words were the verbal acts. They

aid in giving legal significance to the conduct of the parties.

Also in accord are *McDonald v. McDonald,* 143 S.W.2d 142 (Tex.Civ.App.1940, writ dism'd judgmt. cor.) and *St. Louis Southwestern Ry. Co. of Texas v. Kennedy,* 96 S.W. 653 (Tex.Civ.App.1906, writ ref'd). In the case at bar, the statements made by Scherschel to his former supervisors that "he wanted to resign" and "that he was leaving the company and did not want to work there anymore" constitute an "operative" fact of EDS's cause of action. These assertions evidence Scherschel's notice to the company that he was resigning and thus probative of the issue of whether he was involuntarily terminated by EDS. Consequently, the statements contained in the movant's affidavits were not hearsay and were properly considered by the trial court.

In its answer to the motion for summary judgment, Byrd International asserted that there was a material fact issue on the question of whether Larry Scherschel was terminated, or resigned, or was forced to resign by EDS. Attached to this answer was the sworn affidavit of Keith A. Manning, President of Byrd International. The affidavit stated in relevant part:

> On or about July 19, 1979, Mr. Scherschel stated to me by phone that he had been terminated. Also attached as Exhibit "A" is a letter I received from Mr. Scherschel stating he was terminated by Electronic Data Systems Corporation and had not resigned.

Unlike Scherschel's statements as related in the affidavits in support of EDS's motion for summary judgment, neither his statement to Manning on the telephone or his letter to Byrd International was an operative fact effective in itself as a notice of termination of his employment with EDS. Each was an unsworn statement offered in the affidavit to prove the truth of the matter asserted. 1A Texas Law of Evidence, 3rd Ed. § 781 (West 1980); *Pan American Fire and Casualty Company v. Loyd,* 411 S.W.2d 557 (Tex.Civ.App.—Amarillo 1967, no writ). The information contained in this affidavit was nothing more than hearsay not within any of the recognized exceptions to the hearsay rule. Proof based on hearsay is not to be considered in determining whether or not to grant a motion for summary judgment. *Berger v. Berger,* 578 S.W.2d 547 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex. 1962). Since Byrd International failed to produce admissible summary judgment evidence to controvert the evidence adduced by EDS showing that Scherschel voluntarily resigned, there was no issue of material fact and EDS established its entitlement to summary judgment as a matter of law.

The judgment is affirmed.