## PINNEY *v.* THOMPSON.

Where it is manifest that a writing does not constitute the whole contract, as where the subject matter, or persons, and the like, are not defined, parol evidence is admissible to show the remainder.

Where in an action of trespass for entering upon land, and for cutting and carrying away timber, the defendants justified under a contract with the plaintiff's grantor, made before his purchase, and alleged that the said grantor sold one of the defendants twenty-three hundred linear feet of standing timber, at five cents per foot, for which a part of the consideration was paid down, and the balance to be paid after the timber was taken; and that plaintiff had express notice of this contract, and purchased with reference to it, which contract was in writing, and had been destroyed, and which was established by parol evidence; and where the defendants offered to prove that there was a verbal agreement that the timber mentioned in the contract, was to be taken from a tract of two hundred and forty acres, of which the *locus in quo* was part, to which evidence the plaintiff objected, but the objection was overruled, and the evidence admitted; *Held*, That the evidence was properly admitted.

*Appeal from the Johnson District Court.*

THE plaintiff sued the defendants for trespass, in entering upon his land, and cutting and carrying away timber therefrom. The plaintiff purchased the land of the executors of the will of James P. Carleton, deceased. The defendants justified under a license or contract with the same executors, made before the plaintiff purchased. They allege that the executors sold to said E. B. Thompson twenty-three hundred linear feet of standing timber, at five cents per foot, for which a part of the consideration was to be, and was, paid down, and the balance was to be paid after the timber was taken. The defendants aver that the plaintiff had express notice of this contract, and that he bought with reference to it. It was shown that the contract, as stated above, was in writing, and that the writing was destroyed. Parol evidence of its contents was given. The defendants then offered to prove that there was a verbal agreement, that the timber mentioned in the contract was to be taken from a tract of two hundred and forty acres of land, of which the *locus in quo* was part; to which the plaintiff objected. The court overruled the objection, and permitted the evidence to be given, to which the plaintiff excepted. This presents the only question in the case.

*Wm. E. Miller*, for the appellant.

*Edmonds & Ransom*, for the appellees.

WOODWARD, J.—There was no error in the ruling of the court. This is not a case where the law requires the contract to be in writing. It is one where a part is reduced to writing, and a part is not; and where it is manifest that the writing does not constitute the whole, parol evidence is admissible to show the remainder. 2 Pars. on Contract, 61. Thus, when the subject matter, or persons, and the like, are not defined in the writing, parol evidence is receivable to

point them out. Pars. *ut supra*, 3; Ib. 148; *Jackson ex dem. Van Vechten et al.* v. *Sill et al.*, 11 Johns. 201; *Jackson ex dem. Lowell* v. *Parkhurst*, 4 Wend. 369. So, if the language is applicable to several of any kind of objects, as several pieces of land, several parcels of goods; in other words, if the particulars are indefinite, so that it is not known to which the contract relates, the evidence is admissible. 2 Greenl. Ev. § 288.

In the case before us, *what timber* was intended, is manifestly left undefined, and this must necessarily be pointed out by parol. Otherwise, there is no contract.

The judgment of the District Court is affirmed.