. Haver v. Tenney *et al.*

**Evidence:** OPINIONS OF EXPERTS. Where the contract for the construction of a building stipulated that it should have a wood cornice with brackets, but without stipulating whether the cornice should be placed on the wall above the upper joist or below that point, or what width of cornice or length of bracket there should be, it was held competent, in an action by the contractor for extra work in running walls above the joist, to admit the testimony of other builders as to these matters, and to show by them that in order to properly place a cornice of a proper width on the building according to contract, the walls should have been built up to the point they were built to and for which plaintiff claimed extra pay.

*Appeal from Cass Circuit Court.*

\Friday, January 25.

Plaintiff sues on a written contract entered into between himself and the defendants for the construction by him of a brick hotel building, and to recover a balance alleged to be due him thereon ; also to recover for extra work alleged to have been performed by him on said hotel building under a parol agreement with defendants, and to establish a mechanic's lien on the building.

The defendants admitted the making of the written contract, but denied the parol agreement and deny that plaintiff did any work on the building, except what he was required to do under the written contract.

The cause was tried to a jury which resulted in a verdict for plaintiff, which was on motion of defendants set aside by the court. From this ruling plaintiff appeals.

*Phelps & De Lano* for the appellant.

*Loofbourow & Huse* for the appellees.

Miller, J.—The court below sustained defendants' motion

on the ground of erroneous rulings committed on the trial, in excluding certain evidence offered by the defendants. On the trial, plaintiff gave evidence showing that he completed the walls of the building to the top joists of the third story, about the 28th of September, 1871; and that about three weeks afterward he commenced work upon the walls and raised them three feet above said joists, by the 16th of October, 1871, making a wall three feet high and one hundred and sixty-seven feet in length, which he claims as extra work and not included in the written contract. On the other hand, defendants claimed that under the written agreement, it was plaintiff's duty to thus build the wall three feet higher than the upper joists of the building. In support of this theory they offered to prove, " that in order to finish up the building according to the written contract and specifications, it was necessary to build the brick walls three feet above the upper joists and as high as they are now built, and that the said building could not be finished according to the contract and specifications, without the walls thereof being built up to the present height, and that these specifications would be so understood by builders." The defendants called two witnesses (builders), and asked them to examine the written specifications referred to in the contract and to " state how high, if any distance, the brick walls would have to be built above the top joists, to admit of putting on a bracket cornice and finishing up the building according to said specifications." On plaintiff's objection all of this proposed evidence was rejected.

The written contract which was annexed to plaintiff's petition, provides that plaintiff agrees to " construct a brick hotel " for defendants, of specified dimensions, " in accordance with the plans and specifications marked 'Plan for Brick Hotel' and to which reference is made as a part of this contract." In these specifications the following is set down: " *Cornice.* The cornice to be of wood with brackets, and what is known to be ' bracket cornice.' Further, see plan." It is no where mentioned in the contract, plans or specifications whether this cornice with brackets should be on the wall *above* the upper

joists or below that point, or what width of cornice or length of bracket was required. It was entirely competent, therefore, to show by the testimony of experts what height of wall, if any, was required above the upper joists to receive the cornice specified, and this is no infringement of the rule which forbids the admission of parol evidence to contradict or vary a written contract. See 2 Parsons on Contracts, pp. 535, 536, 537; 1 Greenl. on Ev., §§ 292, 297; *Pinney* v. *Thompson*, 3 Iowa, 74. The contract provides for a cornice of a particular kind or pattern, but it is entirely silent as to what place or part of the wall it is to be attached, or of what dimensions it shall be made. Persons of skill in such case may be called as witnesses to show these facts. The ruling of the court in refusing to admit such evidence was erroneous, and the order setting aside the verdict for this reason was proper. This being the only order appealed from, the same is

Affirmed.