WILLIAM CLAYTON, Defendant in Error, *vs.* JULIUS LEMEN, Plaintiff in Error.

*Opinion filed April 23, 1908.*

1. STATUTE OF FRAUDS—*the Statute of Frauds is not considered unless pleaded.* An agreement relating to land is valid and enforcible, though resting in parol, unless the Statute of Frauds is pleaded, and if it is not pleaded the case will be decided by the trial court and the court of review without reference to such statute.

2. SAME—*defense of Statute of Frauds is waived by default—evidence.* By suffering a default and permitting a bill to reform a contract and for specific performance to be taken as confessed the defendant waives the defense of the Statute of Frauds, and if the bill alleges that the defendant agreed to sell complainant the coal underlying certain land, which is specifically described in the bill but which was not described in the contract, extrinsic evidence is admissible to identify the subject matter of the contract, and the contract may be reformed and specifically enforced.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

WINKELMAN & OGLE, for plaintiff in error.

SCHAEFER, FARMER & KRUGER, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

A decree was rendered against the plaintiff in error on a bill taken for confessed, whereby it appeared that on April 22, 1904, the defendant in error agreed with the plaintiff in error to purchase the coal underlying 224 acres of land in St. Clair county owned by the plaintiff in error and specifically described in the bill, at the price of $25 per acre; that in pursuance of such agreement the plaintiff in error executed an instrument in writing agreeing within thirty days to convey to the defendant in error, by warranty deed, free from all liens, all the coal lying under "the following described land, situated in the county of St. Clair and State of Illinois, containing 224 acres, more or less, viz.," provided the defendant in error should pay to the plaintiff in error, within the time aforesaid, $25 per acre; that the land was not otherwise described in said written instrument because the particular description thereof was not known to the parties and the title papers from which it could be obtained were not at the home of the plaintiff in error but were locked in a safe at Collinsville, and plaintiff in error promised to get the papers and give defendant in error an accurate description of the premises to be inserted in said instrument; that the defendant in error, within said period of thirty days, both verbally and in writing, accepted the terms mentioned in said instrument and offered to pay the consideration mentioned in said writing according to its terms, and has always been ready to comply with the requirements of said instrument on his part but the plaintiff in error has always refused to comply with the terms of said instrument on his part. The bill prayed for a reformation of the said written instrument by inserting the proper description of the premises and a specific performance of the agreement to convey. The decree granting the relief prayed for is brought to this court for review by writ of error, and

it is insisted that it must be reversed because the writing contains no description of the land proposed to be conveyed, and is therefore void.

Granting this to be true, the bill alleges, and the default admits, that the plaintiff in error agreed to sell to the defendant in error the coal under the land described in the bill for $25 per acre; that the defendant in error offered to pay the price according to the agreement and that the plaintiff in error refused to convey. Such an agreement is valid though resting in parol, and may be enforced unless the party against whom its enforcement is sought pleads the Statute of Frauds. (*Esmay* v. *Gorton,* 18 Ill. 483; *Hull* v. *Peer,* 27 id. 312; *Beard* v. *Converse,* 84 id. 512; *McClure* v. *Otrich,* 118 id. 320.) It may be avoided by pleading the statute, but the court is not authorized, of its own motion, to invoke the protection of the statute for one who has not claimed it. If the Statute of Frauds is not pleaded the case must be considered and decided without reference to it, and it cannot be considered in this court when not pleaded in the court below. (*Finucan* v. *Kendig,* 109 Ill. 198; *Sanford* v. *Davis,* 181 id. 570; *Highley* v. *Metzger,* 187 id. 237.) By his default plaintiff in error is deemed to have waived the statute, and must be bound by his agreement to the same extent as if it had been fully reduced to writing.

Although the subject matter of the contract was defectively set out in the writing, extrinsic evidence was competent to show what was intended for the purpose of correcting the defect, and does not contradict or vary the contract, but only identifies the subject matter. (*Bulkley* v. *Devine,* 127 Ill. 406; *Pirmey* v. *Thompson,* 3 Iowa, 74.) It was proper to so reform the contract and to specifically enforce it as reformed.

The decree is affirmed.                   *Decree affirmed.*