### JAMES B. HOGAN v. GEORGE W. CRAWFORD, ADM'R.

There can be no question that oral evidence may be relied upon in some cases
to change or modify or even to set aside written agreements.   It may
readily be conceded that a new and distinct agreement may be established
by parol, as having been entered into as a substitute for the original written
contract.   Doubtless it may be established by parol, after performance,
that the time of performance was enlarged, or the place of performance
changed, or actual performance was actually waived.

Even a suppletory agreement may be proved by parol.   But in all such cases,
it must appear that each novation or new obligation was founded upon a
good and sufficient consideration, to affect in any manner the original con-
tract in writing.

An agreement to erect a hotel upon the lot purchased of the plaintiff is no con-
sideration for a parol contract to forbear suit for ten years.

ERROR from Harris.   The case was tried before Hon.
PETER W. GRAY, one of the district judges.

The suit was upon five notes and a mortgage given to secure them. Upon the plea of the defendant, the jury found that the plaintiff's intestate had agreed to extend the time of payment of the notes for ten years. They also found certain payments which were applied to the plaintiff's credit, and the defendant was discharged until the expiration of the ten years. A new trial was granted and a judgment rendered for the plaintiff for the balance due. There was no bill of exceptions or statement of facts, hence there really seemed to be nothing for review except the ruling which sustained the exception to the plea setting up the new contracts to forbear for ten years, upon condition that the defendant would build a tavern upon the lots for which the notes were given.

*John T. Brady,* for plaintiff in error.—I. It is well settled that in case of a simple contract in writing oral evidence is admissible to show that by a subsequent agreement the time of performance was changed. (1 Greenl. on Ev., §§ 303, 304; Erwin v. Sanders, 1 Cow., 249; Fleming v. Gilbert, 3 Johns., 530; Frost v. Everret, 5 Cow., 497; Dearborn v. Cross, 7 Cow., 50; Robinson v. Bachelor, 9 N. H., 40; Blood v. Goodrich, 9 Wend., 68; Nalle v. Gates, 20 Tex., 315.)

*Rogers & Willie,* for defendant in error.

LINDSAY, J.—There can be no question that oral evidence may be relied upon in some cases to change or modify or even set aside written agreements. It may readily be conceded that a new and distinct agreement may be established by parol, as having been entered into as a substitute for the original written contract. Doubtless it may be established by parol, after performance, that the time of performance was enlarged, or the place of performance changed, or actual performance was actually waived. Even a suppletory

agreement may be proved by parol. But in all such cases it must appear that each novation or new obligation was founded upon a good and sufficient consideration, to affect in any manner the original contract in writing. This is a well-established principle in the law of evidence, and must control in the determination of this case. At common law an action of assumpsit might be brought upon a verbal promise variant from the written agreement, if that promise was based upon a sufficient consideration. But by the statute of frauds the party is now precluded from maintaining his action, where the promise is not to be performed within the space of one year from the making of it. If the alleged agreement in this case, of a forbearance to sue for a period of ten years, is even considered as a mere agreement to forbear from year to year, and so not properly within the purview of the statute, still we find no adequate consideration disclosed in the record to uphold the promise. Without such consideration, independent of the statute of frauds, the plea is unavailing to contradict the terms of the written agreement.

The facts disclosed by the pleadings and evidence show, that there was an absolute sale of lots by the intestate of the defendant in error to the plaintiff in error, a deed executed and delivered, notes executed for the purchase-money upon which this suit was instituted, and the answer sets up in defense a new and distinct agreement to forbear the enforcement of the collection of the purchase-money for ten years, upon the condition that the vendee in that period of time should erect a tavern-house upon the premises worth the sum of $10,000. Now, we cannot appreciate the force of the conclusion, that the erection of such a building upon the property of the vendee was any consideration in law to give any binding effect to a promise from the vendor. To whose benefit did such an improvement inure? Surely to the vendee himself. But it is alleged, that the security of the vendor was thereby increased, when he should come to

enforce his lien as a vendor. That may be very true; but it was one of those benefits resulting from the improvement in which the local community also participated, and may be fitly characterized as *potentia remotissima*, upon which no legal obligation could be justly predicated. It was no legal consideration upon which to found a promise. If made, it was a nude contract, and could not be enforced. If, as a contract, it could not be enforced by suit, it could not be used defensively to defeat a recovery upon the notes. We are therefore of opinion that the demurrer to the answer was rightfully sustained, and the judgment of the court below is

AFFIRMED.