MAGNOLIA WAREHOUSE & STORAGE CO., Inc., v. DAVIS & BLACK-WELL.†

(Court of Civil Appeals of Texas. El Paso. Feb. 6, 1913. Rehearing Denied Feb. 19, 1913.)

1. EVIDENCE (§ 441*) — PAROL EVIDENCE — VARYING WRITTEN CONTRACT.

In the absence of fraud, accident, or mistake, a parol agreement may not be ingrafted on a written contract, clear in its terms.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

2. EVIDENCE (§ 442*) — PAROL EVIDENCE — VARYING WRITTEN CONTRACT.

Where a writing evidencing a contract is not a complete and final statement of the entire transaction between the parties, but some material thing has been left out, a separate parol agreement as to any matter on which the writing is silent, and not inconsistent therewith, may be proved.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1897; Dec. Dig. § 442.*]

3. EVIDENCE (§ 442*) — PAROL EVIDENCE — VARYING WRITTEN CONTRACT.

A contract for excavation for the foundation of a building, which provides that the earth excavated shall be transported to points that have been indicated, that the contractor shall furnish necessary appliances, that he has examined the site of the work, and understands the distance which the earth must be hauled, and that a specified sum per cubic yard shall be paid for earth excavated and hauled into such place as may be designated by the owner, contemplates plans not embodied in the contract, and a parol agreement binding the owner to furnish cars on which the earth shall be loaded and hauled is admissible as a part of the contract between the parties, though there is no allegation of fraud or mistake.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1897; Dec. Dig. § 442.*]

4. TRIAL (§ 199*) — INSTRUCTIONS — SUBMITTING ISSUES OF LAW.

An instruction in an action on a contract which requires the jury to construe a contract which is for the court is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 467–470; Dec. Dig. § 199.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by Davis & Blackwell against the Magnolia Warehouse & Storage Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

John Charles Harris, of Houston, for appellant. Lewis, Boyd & Norton and John B. Warren, all of Houston, for appellees.

HARPER, C. J. This suit was instituted by the appellees J. H. Davis and R. C. Blackwell, as partners, against the Magnolia Warehouse & Storage Company, a corporation, for damages for breach of contract. The facts thereof which are material to this opinion are detailed below:

Plaintiffs alleged that the defendant company being desirous of building a warehouse, advertised for bidders for the excavation work for the foundations, and asked that bids be made with reference to the site of the lot, the distance and place to which dirt should be hauled, and at the same time designating a gully which was to be filled, and the balance of the dirt to be loaded on cars to be placed by the defendant on the railroad track near said lot; that plaintiffs' bid was accepted and contract executed, and that they made all necessary preparations for doing the work, but the work was stopped by defendant by notifying plaintiffs that defendant could not, and would not, furnish and place the cars for loading the dirt as agreed on between them. The defendant pleaded general demurrer, general denial, and, further: That the contract was in writing, and provided that the dirt should be hauled to such place as might be designated

---

by defendant, and set up article 13 of the contract, which is as follows: "Art. 13. The contractor agrees that if the work to be done under this contract shall be abandoned, or if at any time the engineer shall be of the opinion, and shall so certify in writing to the owner, that the said work is unnecessarily or unreasonably delayed, or that the said contractor is willfully violating any of the conditions or agreements of this contract, or is not executing said contract in good faith, or fails to show such progress in the execution of the work as will give reasonable grounds for anticipating its completion within the required time, the said owner shall have power to notify the contractor to discontinue all work, or any part thereof under this contract; and thereupon the said contractor shall cease to continue said work or such part thereof as the said owner shall designate, and the said owner shall thereupon have the right, at its discretion, to contract with other parties for the completion of all or any part of the work left uncompleted by said contractor, or for the correction of the whole or any part of said work. And in case the expense so incurred by said owner is less than the sum which would have been payable under this contract, if the same had been completed by the said contractor, then the said contractor shall be entitled to receive the difference; and in case such expense shall exceed the last said sum, then the contractor shall, on demand, pay the amount of such excess to the owner; but such excess to be paid by the contractor shall not exceed the amount of security for the performance of this contract." That the plaintiffs neglected, failed, and refused to begin work, as provided by the contract, and that thereupon they notified plaintiffs that, unless they proceeded at once, defendant would proceed to do the work, etc. That plaintiffs refused to proceed, and that thereupon defendant let the work to another.

Plaintiffs admit the execution of the contract, but that before and at the time of the execution of the contract the defendant designated a gully near the said lot which was to be filled with the dirt taken from the excavation, and that defendant designated and agreed orally to furnish sufficient cars and place them on the railroad track near the work upon which the remainder of the dirt was to be loaded by the plaintiffs, and further agreed to keep switch engine and crew ready to handle the cars as needed. And in support of their (plaintiffs') contention set up article 8 of the contract sued on, which is as follows: "The contractor agrees to furnish the tools, appliances, and labor necessary to excavate the earth on the west side of the property where it is proposed to build a warehouse, and transport the same to points that have been indicated; it being the purpose to grade the property to a uniform and true plane. The total number of cubic yards to be moved is estimated at twenty thousand." Judgment for plaintiffs for $1,500, from which this appeal is taken.

First error assigned: "The trial court erred in continually permitting the plaintiffs (over the objection of defendant and exception there taken as shown by the record) to alter, vary, and contradict the written contract made between plaintiffs and defendant by oral testimony of what was said by and between the plaintiffs and the representatives of defendant company before the signing and execution of the aforesaid written contract, said written contract being the very basis of the plaintiffs' claim, and the ground of defendant's defense"—because no written contract can be added to, altered, varied, changed, or contradicted by parol testimony. Article 8 of the contract (set out in full above) provides the contractors agree to furnish tools, etc., necessary to excavate the dirt and to transport the same to points that have been indicated. In article 20 will be found this provision: No payment for overhaul will be allowed, and that the contractors have examined the plans and the site of the work and understand fully the distance to which the earth will have to be hauled.

[1, 2] The general rule is well understood that a parol agreement cannot be ingrafted upon a written contract clear in its terms, in the absence of fraud, accident, or mistake. Bruner Bros. v. Strong, 61 Tex. 557, and authorities there cited. But the parties may prove the existence of any separate oral agreement as to any matter on which the writing is silent, and which is not inconsistent with its terms, if, from the circumstances of the case, the court infers that the parties did not intend the writing to be a complete and final statement of the whole of the transaction between them, but which shows that some material thing was left out. Union Selling Co. v. Jones, 128 Fed. 672, 63 C. C. A. 224; Jones on Evidence, §§ 439, 440, and 441. For instance, in Pinney v. Thompson, 3 Iowa, 74, it was held that for the purpose of completing the contract, parol evidence, to show the place where timber was to be cut, was admissible.

[3] Applying these rules of law to the instant case, was it error for the trial court to admit evidence of the understanding between the parties to this contract as to where the dirt excavated should be placed, as indicated by paragraph 8 of the contract, and as to which of the parties to the contract should furnish the cars upon which the dirt should be loaded, as provided by paragraph 23 thereof? It will be seen that article 23 of the contract and article 8 of the contract are contradictory. Article 23 provided that "22½ cents per cubic yard shall be paid for each cubic yard excavated and hauled into such place as may be designated by the owner," and article 8 pro-

vides that the dirt excavated shall be transported to points that have been indicated, and article 20 of the contract says "the contractor has examined the plans and the site of the work and understands the distance to which the earth will have to be hauled." So the writing shows clearly that the parties to it had in contemplation plans and specifications, gully to be filled, and cars to be loaded, and the exact details of the plans and specifications, nor the exact gully, nor by whom "the cars to be loaded" should be furnished, which were not expressed in the contract and which were material parts thereof, were not mentioned therein. Therefore the document did not evidence the entire contract between the parties, and therefore the things mentioned were properly proven by parol evidence. We therefore think that the facts alleged by plaintiffs setting up the written instrument, the plans and specifications, and that cars for hauling the dirt were to be furnished, etc., the same being a distinct obligation upon the part of defendant and not attempted to be defined in the contract as written, were properly alleged, and that it was not necessary to allege fraud or mistake in order to prove them a part of the contract by parol evidence. Thomas v. Hammond, 47 Tex. 52; G., C. & S. F. Ry. Co. v. Jones, 82 Tex. 162, 17 S. W. 534. This disposes of the third, fourth, and fifth assignments.

[4] Second assignment is the trial court erred in refusing to give charge No. 1, which is as follows: "If you believe from the evidence that the written contract introduced in evidence, accompanied by the plans and specifications introduced in evidence, constitute the entire contract, as entered into between Davis & Blackwell and the defendant Magnolia Warehouse & Storage Company, and if you believe from the evidence that plaintiffs failed and refused to carry out said contract, in accordance with the written terms thereof, and the plans and specifications attached thereto, and if you believe from the evidence that defendant Magnolia Warehouse & Storage Company, acting under the terms of article 13 of said contract, let said work out to one J. L. Dupuy to complete, and if you believe from the evidence that defendants paid said Dupuy one hundred and eighty-one and 10/100 dollars ($181.10) more to carry out said contract than this defendant promised and agreed to pay the plaintiffs, then, under the terms of article 13 of the original contract, you are directed to find your verdict in favor of defendant Magnolia Warehouse & Storage Company, and against the plaintiffs Davis & Blackwell, for the said sum of one hundred and eighty-one and 10/100 dollars ($181.10)" —and is not well taken, because it would require the jury to construe the contract, which is for the court, and, besides, is fully covered in the general charge.

Affirmed.