## WILSON v. ENFIELD.   (No. 2011.)

(Court of Civil Appeals of Texas. Amarillo. March 7, 1923.)

**1. Evidence ⚙══442(1)—Parol evidence is competent to prove matters on which contract is silent.**

Where a written contract is not intended to express the entire agreement, evidence is admissible as to oral agreements concerning matters on which the contract is silent.

**2. Evidence ⚙══445(2)—Subsequent oral agreement as to implied obligation is admissible.**

Where a written contract was silent as to the feeding of the cattle while in plaintiff's possession and before delivery to defendant for butchering, there would be at least an implication of an obligation on the part of plaintiff to care for them, and a subsequent oral agreement with reference thereto would be admissible.

**3. Evidence ⚙══441(1)—Party signing contract cannot say terms therein were contrary to agreement.**

A party who signed a contract knowing it contained certain terms cannot be permitted to say that it was agreed those terms should not be in the contract.

**4. Appeal and error ⚙══692(1)—Bills of exception to exclusion of cross-examination need not show what testimony would have been.**

The fact that bills of exception to refusal to permit defendant to cross-examine witnesses along certain lines do not show what the answers of the witnesses would have been is not fatal to them.

Appeal from Ochiltree County Court; J. M. Grigsby, Judge.

Suit by R. N. Enfield against C. A. Wilson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Allen & Allen, of Perryton, and Norman Coffee, of Panhandle, for appellant.

R. T. Correll, of Perryton, and Barrett & Works, of Amarillo, for appellee.

BOYCE, J. First. The amount in controversy was less than $1,000, and the county court had jurisdiction.

[1] Second. Where a contract is not intended to express the entire agreement, evidence is admissible as to oral agreements as to matters on which the contract is silent; this rule applies, it is said by some of the authorities, only when the contract "on its face rebuts the presumption that it is complete." Magnolia Warehouse & Storage Co. v. Davis & Blackwell (Tex. Civ. App.) 153 S. W. 670; Id., 108 Tex. 422, 195 S. W. 184; Gibson v. Texas Plow Co. (Tex. Civ. App.) 239 S. W. 676; Guarantee Life Insurance Co. v. Davidson (Tex. Com. App.) 234 S. W. 884. For other authorities, see Michie's Digest, vol. 13, pp. 720, 721. The contract in this case is silent as to the feeding of the cattle while in plaintiff's possession and before delivery to defendant for butchering, and we are inclined to think that the evidence of a verbal agreement as to such matters would be admissible under the rule above stated.

[2] If evidence as to a contemporaneous or prior agreement as to such matter is inadmissible, there would at least be an implication of an obligation on the part of the plaintiff to give the cattle that attention that was reasonably necessary to keep them or have them in condition for butchering. In either case evidence of the subsequent oral agreement, set out in paragraph 4 of the answer, would be admissible (Ross v. Moore [Tex. Civ. App.] 191 S. W. 854; Old River Rice Irrigation Co. v. Stubbs [Tex. Civ. App.] 137 S. W. 154), although such subsequent agreement changed the terms of the original written contract; and we think the trial court committed error in sustaining exceptions to this paragraph of the answer.

[3] Third. Those parts of the answer which set up prior or contemporaneous agreements in contradiction of the express terms of the writing are objectionable. The defendant, having signed the contract knowing it contained such terms, could not be permitted to say that it was agreed that these terms should not be the contract in respect to these matters. Sanborn v. Murphy, 86 Tex. 437, 25 S. W. 610. Before another trial defendant should be required to replead, eliminating such matters from his answer.

[4] Fourth. We think the defendant was entitled to cross-examine the defendant Enfield and the witness Lawrence along the lines proposed, as shown by bills of exceptions Nos. 2, 3, and 5. The fact that these bills do not show what the answers of the witnesses would have been is not, under the circumstances, fatal to them. Cunningham v. Railway Co., 88 Tex. 534, 31 S. W. 629.

Fifth. We need not discuss in detail the propositions presented in reference to the court's charge. As to the remedies of the seller and the measure of his damages for the breach of the contract by the buyer, see such cases as Kempner v. Heidenheimer, 65

Tex. 591; Welden v. Continental Meat Co., 65 Tex. 487; and other authorities cited in Michie's Digest, vol. 15, pp. 500 and 502.

Reversed and remanded.