## OILBELT MOTOR CO. v. HINTON.
### (No. 501.)

Court of Civil Appeals of Texas. Eastland.
Nov. 16, 1928.

L. R. Pearson, of Ranger, for appellant.
L. H. Flewellen, of Ranger, for appellee.

LESLIE, J. The plaintiff, Luke Hinton, exchanged his promissory note in the sum of $500 and a secondhand Chevrolet car valued at $395, to the defendant, Oilbelt Motor Company, for a secondhand Studebaker car valued at $895. The condition of the Studebaker and its performance not being up to a 30-day guaranty, as alleged by the plaintiff, he returned the same to defendant. Later he filed this suit for $395, the trade-in value of the Chevrolet. Trial before the court and jury resulted in a verdict favorable to the plaintiff, and the defendant appeals. The parties will be referred to as in the trial court.

The plaintiff's pleadings present that, upon his discovering that the Studebaker failed in the particulars guaranteed, he, within 15 days after the purchase of the same, called the defendant's attention to the defective condition of the car and demanded that the defendant put the car in the condition guaranteed or return to the plaintiff $395; that the negotiations between him and the defendant on that occasion resulted in a proposal by the defendant, through its president, that the plaintiff, being then in the sales department, would sell the Studebaker and retain out of the sales price thereof the sum of $395, or that the defendant would sell the car for the plaintiff and give him the $395 "when said Studebaker automobile was sold."

The plaintiff further alleges: "That relying upon said promises * * * this plaintiff agreed to allow the defendant * * * to sell said Studebaker * * * for this plaintiff and to return to this plaintiff his money, the sum of $395, * * * and left said Studebaker automobile with the defendant for said purpose."

It is further alleged that since said engagement the Studebaker has been sold by the defendant, who refuses to pay said plaintiff the $395 due him under the above agreement. It is believed that the foregoing paragraph correctly and substantially states the plaintiff's lawsuit, as the same may be gathered from the pleadings relied upon in the trial.

Among other defenses, the defendant answered by general denial, and specially pleaded that the plaintiff, Hinton, after sev-

eral months' use of the Studebaker, determined that he was unable to pay for it, whereupon the defendant advised the plaintiff that he (Hinton) might sell said Studebaker automobile and keep all over and above the amount against the car, as evidenced by the $500 note; that the plaintiff agreed to such arrangement, and thereupon authorized the defendant likewise to sell said automobile for him and pay him any balance over and above the aggregate of the note against the car; that the plaintiff, after repeated efforts, failed to sell the machine, whereupon the defendant, under the authority from plaintiff, sold the same for its reasonable value, which was insufficient to discharge the obligation evidenced by the note, and consequently owed plaintiff nothing.

■ If the plaintiff's version of what occurred when he returned the automobile is correct, and under a proper submission thereof he is sustained by the verdict of the jury, he will be entitled to a recovery. On the other hand, if the defendant's version of what transpired in that negotiation is correct, then the most the plaintiff could expect from his last agreement and understanding with the defendant would be such an amount derived from the sale of the Studebaker automobile as was over and above the amount necessary to discharge the $500 note. The defendant complains that his theory was never submitted to the jury.

Article 2190, Vernon's Annotated Civil Statutes 1925, provides that a failure to submit an issue shall not be ground for reversal unless it has been requested in writing by the complaining party, and article 2189 provides that a case may be submitted on special issues, and that "such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately."

In the instant case the charge as submitted by the court fairly well presented the plaintiff's theory of the case, but it did not submit affirmatively the issue requested by the defendant, and upon which its defense was based. As noted, the defendant pleaded that, on the occasion when the plaintiff signified his inability to pay for the car, it was then agreed and understood between him and the plaintiff that the said Studebaker automobile should be sold and that the plaintiff should be paid all sums for which it was so sold over and above the amount against the car, as evidenced by the note. This plea was supported by testimony. The defendant requested a special issue, which, if it had been submitted to the jury, would have determined the truthfulness of the facts so pleaded. The court refused the issue, which, we think, constitutes reversible error.

■ In submitting a case upon special issues, both parties are entitled to have their theories of the case and the facts constitut-ing the cause of action on the one hand and matters pleaded in defense on the other, affirmatively submitted for the determination of the jury. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Colorado & S. R. Co. v. Rowe (Tex. Com. App.) 238 S. W. 908; Wichita Valley R. Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439; Robinson v. Ætna Life. Ins. Co. (Tex. Com. App.) 276 S. W. 900; Northern Texas Traction Co. v. Woodall (Tex. Com. App.) 299 S. W. 220.

This assignment is sustained.

■ By another assignment, the defendant complains that the trial court erred in not excluding from the consideration of the jury certain argument made by counsel for defendant in the conclusion of the trial. The bill of exceptions pertaining to this argument discloses that it was prejudicial in its nature, in that it commented upon and brought before the jury proffered testimony that had been excluded by the court. Under the rule announced by the Commission of Appeals in the case of Bell v. Blackwell, 283 S. W. 765, this error alone would reverse the judgment had the ruling of the trial court been presented in such way as to permit this court to take cognizance of it. As stated in Kansas City, M. & O. R. Co. v. West (Tex. Civ. App.) 149 S. W. 206:

"The bill of exceptions merely states the remarks made, without negativing the idea that they may have been called forth either by the evidence or *in response to argument by opposing counsel.* The bill is fatally defective in these particulars, merely stating the remarks of counsel."

Other authorities to the same effect. Travelers' Ins. Co. v. Peters (Tex. Civ. App.) 3 S. W.(2d) 568; Texas Pacific Coal & Oil Co. v. Grabner, 10 S.W.(2d) 441, by this court.

This assignment is overruled.

■ Complaint is made of issues 1 and 2 submitted by the court. As we interpret the plaintiff's cause of action, as set forth in the pleadings, these issues were upon irrelevant and immaterial matters. They seem to relate to the original transaction in which the Chevrolet car and the note were given for the Studebaker automobile, whereas the plaintiff's suit is based upon a subsequent agreement and understanding in which the defendant, as stated in his petition, "agreed to allow the said defendant herein to sell said Studebaker automobile for this plaintiff and return to this plaintiff his money." Even upon this last alleged agreement the plaintiff pleads rather imperfectly a rescission of the original contract. Nowhere does the plaintiff set forth the disposition then made of the $500 note. We are unable to determine whether this last agreement and understanding involved a cancellation of that note, or whether it remained an outstanding obligation, to the liquidation of which the proceeds of the sale of the Studebaker car were to be first applied, as con-

tended by the defendant. We perceive no obstacle to the parties mutually rescinding the original contract and substituting a new one therefor, and the act of doing so would itself evidence a sufficient consideration. However, in view of another trial we call attention to the fact that the plaintiff's pleadings are silent upon the disposition made of the $500 note and to that extent rescission seems to be imperfectly claimed.

■ A question is presented upon this appeal relating to: the date from which the judgment should bear interest. That question will not arise upon another trial, which will doubtless be upon more specific pleadings. If the facts should show the plaintiff merely entitled to such portion of the sales price of the Studebaker car as is over and above the amount remaining due on the note, then interest upon any such judgment should run from the date of the sale of such automobile. This observation is based upon what appears to be the present pleadings.

The controlling questions have been discussed, and for the reasons assigned the judgment of the trial court is reversed, and the cause remanded.