EUCLID PROPERTY CO v PREISACH et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9399.

D R Hertz, Cleveland, for Property Co.
J B Oviatt, Cleveland, for Preisach.

LEMERT, PJ.

It is evident from the record that defendant apparently attempted to carry out the verbal contract as made in reference to the location of the house. The stakes that were set by defendants on the south lot line, left room for a 6 foot driveway and we note that a 6 foot gate was put up across from the house to the lot line when plaintiff erected his fence. Finally it was ascertained that the survey was improper and incorrect and there was actually no place for a driveway there. Therefore it is not difficult to understand what interpretation or construction the parties themselves put on this contract.

There is a well defined line of cases that will permit testimony of a prior or contemporaneous oral agreement.

153 S. W. 670 Jones 2nd Ed. Vol. 3, p. 2720. 92 O. S. 44.

It must not be overlooked in this case that the plaintiff was seeking by parol evidence to show the location of the house on the lot, and the existence or non-existence of a driveway would be determined by the location of the house. The evidence in this case shows the interpretation that the parties themselves put upon the agreement as to the location of the house, and the jury was fully warranted in finding that such an understanding or agreement was made.

As to the claim made by defendant that the special finding of the jury was inconsistent with the general verdict, we cite on this point 94 O. S. 1.

Judgment should not be rendered on special findings of fact as against the general verdict unless such special findings when considered together are inconsistent and irreconcilable to the general verdict.

From a careful examination of the whole of the record in this case we find no error therein.

The parties herein had a fair trial, the jury was fully warranted in finding the verdict it did, and the amount of the verdict is very modest in view of the testimony in the case.

Therefore it follows that the judgment of the court below should be, and the same is hereby affirmed. Exceptions may be noted.

Houck and Sherick, JJ, concur.