**McDONALD v. McDONALD et al.**
**No. 8944.**

Court of Civil Appeals of Texas. Austin.
July 17, 1940.

Rehearing Denied Sept. 25, 1940.

Callaway & Callaway, of Brownwood, for appellant.

Frank Bowman, of Goldthwaite, and Stinson, Hair, Brooks & Duke, of Abilene, for appellees.

BLAIR, Justice.

This litigation arose out of the following facts and transactions:

A. J. McDonald died leaving his widow, Amanda McDonald, and six children of a

former marriage, namely: four sons, Newton, H. N., H. R. and R. S. McDonald, and two daughters, Betty and Annie McDonald. There were no children of the marriage of A. J. McDonald and Amanda McDonald, but she had two children of a former marriage, namely: a son, T. J. Clendennen, and a daughter, Elsie J. Clendennen. T. J. Clendennen married his stepsister, Annie McDonald. Betty McDonald married Edgar G. Harp, and Elsie J. Clendennen married W. G. Boyd.

During the married life of A. J. McDonald and Amanda McDonald they acquired a community estate of real and personal property valued at more than $20,000. A. J. McDonald left a will by which he undertook to dispose of the entire community estate, which was duly probated; but Amanda McDonald elected to take her share of the community estate rather than under the will. The will excluded R. S. McDonald from any share in the estate of A. J. McDonald, reciting that he had been previously paid his share; and at the time of the trial of the instant case it had been judicially determined in a suit brought by him that he had no interest as an heir in the estate of A. J. McDonald. The sum of $2,525.83 had been deposited in a bank, which represented the interest of R. S. McDonald in the estate if he established his claim to an interest as an heir by his suit, which he failed to do, and this suit was instituted by the remaining interested children of A. J. McDonald against their stepmother, Amanda McDonald, to recover óne-half of said $2,525.83.

After the will of A. J. McDonald was probated, all of the above-named parties, except R. S. McDonald, who was excluded by the will from sharing in the estate, executed a written instrument wherein it was agreed that Amanda McDonald, the widow, was to' have an undivided one-half interest in the community estate, and that the five children of A. J. McDonald, namely: Newton, H. N., H. R. McDonald, and Mrs. Annie Clendennen and Mrs. Betty Harp, were to each have an undivided one-tenth interest in the community estate, it being agreed that the children of Amanda McDonald by her former marriage had no interest in the said estate. T. J. Clendennen owed notes to the estate of more than his wife's interest, but it was agreed by all of the parties that the notes would be cancelled in consideration of the Clendennens conveying and relinquishing all of

Mrs. Clendennen's interest or share in the estate to the estate, which they did by executing a deed to Mrs. Amanda McDonald as executrix, and the notes were cancelled.

Appellees alleged, offered proof tending to show, and the jury found that at or about the time of the execution of the Clendennen deed, the remaining four children of A. J. McDonald and Amanda McDonald, the widow, entered into an oral agreement that the remainder of the estate should be divided, one-half to Amanda McDonald and one-half to the four children who had remaining interests in the estate. It was upon the basis of this oral agreement that the partition and division of the lands, livestock, and part of the money were made between the parties to it; and it was upon the basis of the oral agreement that appellees sought to and did recover judgment for one-half of the $2,525.83 deposited in the bank.

Appellant denied making the oral agreement, but in the alternative alleged that it was not enforceable for several reasons; and that the division of the estate should now be made on the basis of the prior written agreement. That is, appellant contends that under the written contract there were ten parts to the whole estate; that Amanda McDonald, the widow, was entitled to five parts and the five children of A. J. McDonald, the four appellees and Mrs. Clendennen, were each entitled to one part, or to an undivided one-tenth interest in the whole estate. That after Mrs. Clendennen conveyed her undivided one-tenth interest in the whole estate back to' the estate, there were left nine parts, which should be divided five parts to Amanda McDonald, the widow, and four parts to the four appellees, who, after Mrs. Clendennen conveyed her interest, were the remaining children of A. J. McDonald having an interest in the estate. And further, that since the four appellees had already received in the division under the oral agreement approximately four-ninths of the entire estate, the $2,525.83 bank deposit, which together with what Amanda McDonald had already received, would be approximately equal to her one-half of the original estate to which she was entitled.

Appellant contends that the oral agreement is unenforceable, because it varied the terms of the prior written agreement. This contention is untenable for two reasons. In the first place, it is obvious that the agreement of all the parties

for the estate to purchase the interest of Mrs. Clendennen itself rendered ineffectual the terms of the written contract to divide the estate one-half to Mrs. McDonald and one-half to the five children of A. J. McDonald, because as contended by appellant, the respective interests of the parties in the estate after the purchase of the Clendennen interest were different from what they were under the written contract. Such difference is the foundation of appellant's claim that after the purchase of the Clendennen interest by the estate, she was entitled to a five-ninth interest instead of the one-half interest given under the written contract. Manifestly, the oral contract was brought about and necessitated by reason of the fact that after the purchase of the Clendennen interest the basis of division prescribed by the written contract was no longer applicable, the respective interests of the parties being different from what they were when the written contract was executed.

■ In the second place, the rule is applicable here that where the written contract is not required by law to be in writing, and is executory, the parties may subsequently enter into an oral contract modifying the terms of the written contract. The written contract is rescinded, and the rights of the parties are thereafter determinable by the terms of the subsequent oral contract. Groce.v. P. B. Yates Mach. Co., Tex.Com.App., 288 S.W. 161; Oilbelt Motor Co. v. Hinton, Tex.Civ.App., 11 S.W.2d 338; 17 C.J. Secundum, Contracts, 861, § 376.

■ Nor do we sustain the contention of appellant that the oral contract is invalid upon the ground that it is one for the sale of land, and therefore in violation of our statute of frauds. The Texas authorities are uniform in holding that co-owners may by oral agreement partition land; and that such partition is not regarded as a sale of land, and therefore not in violation of the statute of frauds. Zanderson v. Sullivan, 91 Tex. 499, 14 S.W. 484; Aycock v. Kimbrough, 71 Tex. 330, 12 S.W. 71, 10 Am.St.Rep. 745; Gibbons v. Bell, 45 Tex. 417.

■ Nor is the oral contract in suit invalid for want of consideration. In Groce v. P. B. Yates Mach. Co. and Oilbelt Motor Co. v. Hinton, supra, it is held that mutual promises, expressed or implied, furnish sufficient consideration for the novation or modification of an executory contract. In addition, the fact that appellees suffered detriment in permitting Mrs. Clendennen to take more than her share of the estate is sufficient consideration for a promise of appellant to them to thereafter divide the estate one-half to appellant and one-half to the four appellees.

■■ Appellant contends that the court erred in permitting witness, Newton McDonald, to testify to certain statements made by Mr. E. B. Anderson to him. Mr. Anderson was the agent and legal representative of appellant at the time the statements were made, which statements were to the effect that Mr. Anderson, while acting as agent for appellant, made and entered into the oral contract in suit. The testimony was objected to as being hearsay.

Mr. Anderson represented the McDonald estate as the attorney and was shown to apparently have the authority to make the contract on behalf of appellant; and it has been held that testimony as to statements made out of court is not regarded as hearsay where the statements, as in the instant case, constitute the operative facts of an oral contract. St. Louis S. W. Ry. Co. v. Kennedy, Tex.Civ.App., 96 S.W. 653, error refused; 6 Wigmore, Evidence, 3d Ed. 1940, § 1770. But, in any event, there is ample other evidence to establish the fact that the oral agreement in suit was made, and to support the jury's finding that it was made; and that the parties actually acted upon the oral agreement in the division of all of the property, except a small amount of personal property and the $2,525.83 bank deposit in suit.

Other points raised in appellant's brief are either disposed of by our above conclusion, or are without merit and are overruled.

The trial court disposed of certain items of personal property in accordance with the agreement of the parties made in open court, and its judgment awarding one-half of the bank deposit to appellees and one-half to appellant, in accordance with the oral agreement between them, is affirmed.

Affirmed.