## RICHARDS v. CORNISH.

### No. 14731.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 16, 1945.

Rehearing Denied Dec. 14, 1945.

Tom M. Miller, of Graham, for appellant.

Marshall & King, C. F. Marshall, and Fred T. Arnold., all of Graham, and Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for appellee.

SPEER, Justice.

Rex Cornish sued Bert Richards, in statutory form of Trespass to Try Title, to recover title to and possession of the east 50 feet of lots 1, 2, 3, and the south 15 feet of lot No. 4, in Block No. 5, in Graham, Young County, Texas.

There is no real dispute about the title, but the controversy arose over possession; the parties will be designated as they were in the trial court.

The substance of defendant's answer is that he was holding, under an oral lease from plaintiff, that part of the premises involved in the suit. At the conclusion of the testimony, upon motion, the court instructed the jury to return a verdict for plaintiff; upon the instructed verdict, judgment was entered and defendant has appealed.

Defendant's three points of assigned error may be discussed under his first point. It reads: "The court below erred in granting the plaintiff, Rex Cornish's motion for an instructed verdict, * * *."

The record indisputably discloses that plaintiff owns a building fronting on the Court Square in Graham about 90 by 200 feet in size, situated on Lots 1, 2, 3 and the south half of 4 in Block 5; a street borders its south side; the building is so constructed that it has gasoline pumps and other equipment on the southwest corner and a west entrance to the automobile show room and a parts department, and an entrance on the south side from the street to a garage section 50 feet wide extending back the full width of the building.

Under some form of contract defendant had occupied the building since 1938, and on June 29, 1944, plaintiff and defendant entered into a written lease contract whereby defendant leased from plaintiff the 50 feet garage department and "40 feet out of lots 3 and 4 said Block No. 5." The term of lease was for five years, beginning with the date of the instrument and ending June 29, 1949. Rentals were $85 per month, "up to such time as the new automobiles may be placed in the show room of the above leased premises, and from that date on to the termination of the lease the sum of $150.00 a month, payable in advance, * * *" was to be paid by defendant.

Conditions arose causing plaintiff to want the building, and he sought to induce defendant to cancel the lease contract. We shall not at this time undertake to relate what led up to the execution of the release of the lease contract, but on February 24, 1945, both plaintiff and defendant executed an instrument which recited the material parts of the June 29, 1944, lease contract, and concluded the instrument with this language: " * * * And whereas the said parties mutually desire to cancel and terminate said contract lease, and now, therefore, in consideration of $1.00 and other mutual benefits derived by the parties, we the undersigned do hereby mutually release,

surrender, cancel and hold for naught all the terms and provisions of the above mentioned lease and declare that no damages or liability on the part of either parties is or shall be incurred."

Defendant pleaded and testified, in substance, that in addition to his garage business he had the agency for GMC Trucks and that he procured that agency because his principal approved his place of business and means of displaying trucks afforded by the building; that another building was then being constructed which he could obtain if he gave up plaintiff's building, but such new place had to be approved by his principal before he could be sure of retaining such agency; that he explained this to plaintiff; that the owners of the new building had promised in writing to construct the building as rapidly as they could get materials; that he and the plaintiff went to Dallas and disclosed these things to defendant's principal and were informed by said principal that defendant could retain said agency by operating his garage in the east fifty feet of plaintiff's building until such time as he could move into the new building; under these conditions defendant says he agreed to give up the front part of the building to plaintiff, consisting of the show rooms, parts room and so forth, and would pay to plaintiff $50 per month for the garage part to be occupied by defendant until he could get possession of the new building which time would be less than one year. That under these conditions, if plaintiff would pay the expense of moving defendant's equipment from the part of the building to be surrendered, into the garage portion, defendant would pay $50 per month for the part so occupied by him until he could move into the building then uncompleted. That plaintiff agreed to the arrangements; that they executed the release agreement on these conditions; that he moved his equipment into the garage part of the building at a cost of $140 and plaintiff paid the expense item; that he has paid the $50 per month rentals under the new arrangements to plaintiff for three months, and tendered payment for June and July, 1945; that the last two payments were refused by plaintiff; defendant tendered payment of these items in court. Suit was instituted June 11th, and trial had on July 16, 1945.

Plaintiff specially excepted to the pleadings and objected to the introduction of the testimony, upon the grounds that by his

pleadings and testimony defendant sought to vary the terms of the written release of the original lease contract, in violation of the parol evidence rule. The exceptions to the pleadings and objections to the testimony were overruled by the trial court. Plaintiff's motion for an instructed verdict was based upon substantially the same grounds as his special exceptions and objections to the testimony; as above indicated, the court sustained the motion for verdict and entered judgment on the instructed verdict.

We are inclined to the belief that defendant's point of error is well taken, that is, that the court should not have given the requested summary instruction.

■ In support of the judgment, plaintiff relies upon the general parol evidence rule, to the effect that a written instrument cannot be changed, modified or altered by parol evidence. He cites the Common Law rule announced in Vernon's Annotated Civil Statutes Article 3713 and subdivision or Rule 20 thereunder.

He cites a long list of authorities in which it has often been said in substance that the general rule is that parol evidence is inadmissible to vary, add to, or contradict a written instrument which is apparently complete on its face. In his brief he quotes from Guarantee Life Ins. Co. v. Davidson, Tex.Com.App., 234 S.W. 883, an adopted opinion rendered by the Commission of Appeals. The substance of the rule announced in the cited case is: That a contract which has been reduced to writing, *and imports on its face to be a complete expression of the whole agreement,* without any uncertainty or ambiguity as to the object and extent of the agreement, must be taken as expressing the final views of the parties. And in the absence of allegations of fraud or mutual mistake, parol evidence is inadmissible to vary, alter or add to its terms, *unless it in some manner rebuts the presumption that it is complete.* We think the very language used by the court in the cited case distinguishes it and the rule contended for by plaintiff in this case. The parts italicized by us, we think, are significant. That is, if the writing imports on its face to be a complete expression of the parties, and if the writing does not rebut the presumption that it is complete.

■ As we construe defendant's pleadings and understand his testimony, he does not in any manner attempt to vary, change or add to the written release contract, the material portions of which we have quoted above. It is apparent that plaintiff and defendant entered into a lease contract of substantially the whole building on June 29, 1944, at a monthly rental of $85 per month until such time as defendant was able to get automobiles, after which time he agreed to pay $150 per month; that on February 24, 1945, they entered into the mutual release contract of that lease. This instrument did not purport to relinquish the building, but to release the lease contract from its binding effects upon both parties. It did not purport to exclude any other previous or contemporaneous agreement between the parties as to further use by defendant of any part of the premises. The consideration recited clearly indicates that some part thereof was undisclosed by the instrument.

Defendant contends that the part of the consideration not disclosed or refuted by the release was that he was to have the use of the garage portion of the building at a rental of $50 per month until such time as he could get possession of a new building then under construction, for which he had contracted, and that plaintiff had agreed to pay the expense of moving his equipment from one part of the main building to the garage portion.

We are convinced that defendant's pleading and testimony did not violate the parol evidence rule, for the reason it in no way contradicted, changed, varied or added to the written release of the lease contract. It was no more than a contention that he did not rely upon the original written lease of June 29, 1944, which he had released, but relied upon an oral lease from plaintiff, it being a part of the consideration for his having executed the release of the original lease.

■■ When, as in this case, the written instrument under consideration was not intended, nor does it purport to cover a surrender of the premises, nor to contain any provisions concerning an oral leasing contract made contemporaneously with the release of the written contract, and is in every way silent on that question, parol evidence is admissible to prove the parol agreement made at the time. Wilson v. Enfield, Tex.Civ.App. 249 S.W. 531; 17 Tex.Jur. 799, Sec. 355. Nor is parol evidence rendered inadmissible under the rule when such evidence is necessary to explain a writing, and is not inconsistent with, nor

854

in conflict with the written instrument, but to explain the intention of the parties. Interstate Savings & Trust Co. v. Hornsby, Tex.Civ.App., 146 S.W. 960, writ dismissed.

In addition to the rule above announced, we think it permissible to prove by parol testimony what the real consideration was in the release agreement, when as we have seen, it recites a $1.00 "and other mutual benefits derived by the parties" and does not attempt to set out what those "benefits" are. It not only fails to set them out, but clearly indicates that the instrument is incomplete in this respect. 17 Tex. Jur. 817, Sec. 366, and foot notes thereunder; Ibid, pages 796, and 799, Secs. 355, 356; Same text, page 802, Sec. 358.

It is generally recognized that the parol evidence rule does not apply to receipts, and therefore parol evidence is always admissible to explain or even contradict the terms of a mere receipt executed by a party 17 Tex.Jur. 812, 813, Sec. 363.

In the very recent case of Binford et al. v. Snyder et al., Tex.Sup., 189 S.W.2d 471, the court had under consideration the admissibility of evidence as to the real consideration in a deed which recited only a nominal cash consideration. The court quoted with approval from an early decision by the same court in Lanier v. Faust, 81 Tex. 186, 16 S.W. 994, 995, in which it was held that where a conveyance of land recited the nominal consideration of $100, parol evidence was admissible to show the real consideration, and further, "The recital of the consideration in a deed is placed upon the footing of a receipt, and like other receipts, is capable of being explained or contradicted by parol evidence." The same opinion, however, excepts from the principle announced instances in which the consideration recited is contractual in nature. Clearly, the consideration for the release contract in the instant case was not contractual.

We hold that the pleadings of defendant were not subject to the special exceptions urged, that the testimony of defendant, under his pleadings, was admissible and raised a jury issue, even though his testimony was corroborated by the admitted fact that plaintiff paid the expense of moving defendant's materials and machinery from one part of the building to the garage portion, and accepting rentals for three months at the price defendant testified they had agreed upon.

It is too well settled to require citation of authorities, that before an instructed verdict is authorized, all testimony offered in favor of the one against whom such instruction is given must be considered in its most favorable light to him, and if disregarding all evidence to the contrary a jury might have found in his favor, no directed verdict should be given against him.

Under the above rule, it is quite apparent to us that defendant's testimony raised a jury question, and that it should have been submitted by the court. The giving of the instructed verdict for plaintiff was reversible error in this case, and requires that we reverse the judgment of the trial court and remand the cause for another trial not inconsistent herewith. Reversed and remanded.