## PACIFIC FINANCE CORP. v. CROUCH.

### No. 6563.

Court of Civil Appeals of Texas. Texarkana.

Sept. 20, 1951.

Rehearing Denied Oct. 18, 1951.

Irion, Cain, Bergman & Hickerson, and Ewell Lee Smith, Jr., all of Dallas, for appellant.

Robert F. Salmon, Linden, for appellee.

LINCOLN, Justice.

This is an appeal from an order overruling a plea of privilege filed by appellant, Pacific Finance Corporation. The parties will be frequently designated as in the court below. The suit was against Pacific Finance Corporation and John H. Tenison, both residents of Dallas County. The Finance Corporation alone has appealed. Both defendants were residents of Dallas County.

The plaintiff's suit was for conversion of an automobile alleged to have been taken by the defendants in Cass County, without plaintiff's knowledge or consent. The automobile was under mortgage to the Finance Corporation, and the plaintiff had acquired it by purchasing the equity of Sutton, the prior owner, and had assumed the payment of the obligation due the finance company. The appellant presents the point that there is no proof that plaintiff owned the automobile alleged to have been converted in that there is no proof of

compliance with the Certificate of Title Act of Texas. Vernon's Ann.P.C. art. 1436–1. It is true that there is no such proof, but we are of the opinion that the plaintiff has shown a sufficient special interest in the automobile to authorize a suit for conversion. The special interest alleged by him was acquired with the consent and assistance of the appellant, and if there was any failure to comply with the Certificate of Title law, the appellant was a party to such failure. The proof also shows that it accepted payments from the plaintiff under the assumption made by him. The plaintiff must have a right in the property and the right of possession to maintain an action for conversion, but such interest may be special. 42 Tex.Jur. p. 530; Oliver Chilled Plow Works v. Askey, Tex.Civ.App., 22 S.W.2d 743; Robertson v. Gourley, 84 Tex. 575, 19 S.W. 1006; First National Bank of Colorado v. Brown, 85 Tex. 80, 23 S.W. 862; Stockbridge v. Crockett, 15 Tex.Civ. App. 69, 38 S.W. 401; 53 Am.Jur., p. 860, Sec. 66. We think these requirements are met by both pleading and proof.

No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in certain enumerated cases. Art. 1995, R.S. of Tex., Vernon's Ann.Civ.St. art. 1995. Subd. 9 of said article provides that a suit based upon a trespass may be brought in the county where the trespass is committed, whether committed by the defendant or his representative or agent. Subd. 23 of said article provides that suits against a private corporation may be brought in the county in which the cause of action or part thereof arose. Subd. 29a of said statute provides that where there are two or more defendants in any suit brought in any county in the state, and such suit is lawfully maintainable therein under the provisions of Art. 1995 as to any of such defendants, then the suit may be maintained in such county against any and all necessary parties thereto.

■ The appellant is a private corporation. If a trespass was committed in Cass County by the appellant or its agent or representative, then the suit is maintainable in Cass County under Subd. 23, supra.

The order overruling the plea of privilege involves a finding that the taking was done in Cass County, and the proof supports such finding. The automobile or jeep was left at the home of the plaintiff and in the absence of himself and family it was taken without his knowledge or consent. Numerous items of personal property not covered by the mortgage were in or attached to the jeep. If the taking was wrongful it would, therefore, amount to a trespass in Cass County. Tenison was an agent and representative of the finance corporation at that time, and it was the contention of plaintiff that Tenison took it while acting in behalf of appellant. The trial court overruled Tenison's plea of privilege, and that judgment is final and possesses absolute verity. This court has no jurisdiction to pass upon the order as to Tenison, nor upon sufficiency of pleading or evidence to support the court's judgment as to him. Since the testimony shows that at that time he was the agent and representative of the appellant, it is reasonable to infer from all the facts and circumstances that he took the motor vehicle in behalf of appellant. However, we need not rest our decision on that point alone, because the evidence shows without dispute that a few days later the jeep was found in the possession of appellant and was released by appellant to the plaintiff. Appellant does not explain how the vehicle came into its possession, and we think that the inference may be reasonably indulged that Tenison as agent for appellant and under its direction delivered the car to it. At least, the appellant ratified the act of Tenison in taking the car. The facts would thus bring the case, prima facie, at least, within the purview of Subd. 9 and Subd. 23 of Art. 1995, supra.

■ However, the serious question arises as to whether a cause of action was pleaded and proved against appellant under the whole case, as required by the decisions. Compton v. Elliott, 126 Tex. 232, 88 S.W. 2d 91. Under the mortgage assumed by the plaintiff the finance company was authorized and empowered to take possession of the vehicle and contents, wherever it may be found, with or without the consent

of the mortgagor, in case of default in the monthly payments required thereunder. It has been decided in this state that such provision in the mortgage gives the mortgagee a right of posssession, and the mortgagee cannot be required to respond in damages for conversion for doing what it had the right to do. Singer Sewing Mach. Co. v. Rios, 96 Tex. 174, 71 S.W. 275, 60 L. R.A. 143; Jesse French Piano & Organ Co. v. Elliott, Tex.Civ.App., 166 S.W. 29; State Exchange Bank v. Smith, Tex.Civ.App., 166 S.W. 666; Runnels Chevrolet Co. v. Clifton, Tex.Civ.App., 46 S.W.2d 426; J. M. Radford Grocery Co. v. Jamison, Tex. Civ.App., 282 S.W. 278.

■ The appellant introduced in evidence the mortgage referred to and also introduced in evidence the assumption by the plaintiff, reading, "For and in consideration of the assignment to me of the contract of conditional sale above mentioned, I hereby agree to make all payments now due or to become due under said contract and further agree to comply with and be bound by each and all of the terms and conditions of said contact." Absent any pleading or evidence to take the case out of the terms of the mortgage and the foregoing assumption by plaintiff, the appellant could not be held to answer for conversion of the motor vehicle in Cass County, if the plaintiff was in default and if the jeep was taken by reason thereof.

■ The plaintiff admitted that the payments were not current under the terms of the mortgage, but sought to maintain the cause of action on the ground that a verbal agreement had been made whereby he might remain as much as two months in arrears without foreclosure. Appellant insists that such evidence was violative of the parol evidence rule as varying the terms of the written agreement. The plaintiff alleged that at the time of the transfer to him an agent of the finance corporation, acting within the scope of his employment, "made an oral agreement with the plaintiff that he could make his payments as much as one month in arrears without fear of foreclosure. The plaintiff relied on this promise and thereafter did make most of the hereinafter listed payments one month in arrears." Such verbal stipulation is violative of the parol evidence rule. The rule applies to all prior and contemporaneous agreements which qualify or vary definite dates of payment which have been fixed by the instrument. 17 Tex.Jur. p. 846, Sec. 383, citing numerous cases. All such agreements are presumed to be merged in the writing. 17 Tex.Jur. p. 794, Sec. 354, citing numerous cases. On the basis of plaintiff's pleading above noted, the evidence of an oral agreement to permit delay in payments would not be admissible. Nor may they constitute the basis of a cause of action. The parol evidence rule is not merely procedural but is a rule of substantive law. Even though such evidence is not met with objection it cannot form the basis of a judgment. 17 Tex.Jur. p. 793, Sec. 353, citing numerous cases.

■ Parol evidence, however, is admissible to show a new agreement extending the time for performance or for payment. 17 Tex.Jur. pp. 797, 798, Sec. 355; Hogan v. Crawford, Adm'r, 31 Tex. 633; Barger v. Brubaker, Tex.Civ.App., 187 S.W. 1025; McDonald v. McDonald, Tex.Civ.App., 143 S.W.2d 142; Richards v. Cornish, Tex.Civ. App., 190 S.W.2d 851; Wallace v. Renfroe, Tex.Civ.App., 124 S.W.2d 456; Commercial Securities Co. v. Rea, Tex.Civ.App., 78 S.W.2d 707.

■ The plaintiff alleged that about May 24, 1949, the defendant Tenison, as agent of the finance corporation and acting in the scope of his employment, came to Hughes Springs (plaintiff's home), and collected the April payment then due in the amount of $72.74. He alleges: "At such time the plaintiff made a payment of $72.74 to the agent Tenison and told him that he would make his May payment as soon as he (Tenison) came back to Hughes Springs. Tenison told plaintiff that it would be all right for him to make the May payment in this manner as it would be in accordance with the prior agreement concerning making payments in arrears." This is indeed a mild allegation of facts constituting an oral agreement to extend the time of payment as provided in the

written contracts. However, we are not prepared to say that it is not sufficient to constitute an oral agreement for that purpose.

■ In support of the foregoing allegation, the plaintiff introduced evidence showing that on the date alleged his agent, L. D. Keasler, gave a check to Tenison for the April payment. The check was payable to appellant and bears the endorsement of appellant by Tenison, as agent. The check was introduced in evidence and shows that it was cashed on May 27. Appellant did not contradict this evidence. Plaintiff was present at the time the check was given and both he and Keasler testified in support of the allegation made. While the testimony itself is likewise weak, yet we believe it is sufficient to support the allegation.

■ If the testimony of plaintiff and of Keasler is true, then plaintiff was not in default on June 7, when the jeep was taken. Since the judgment of the court involves a finding that Tenison took the vehicle, which plaintiff testified was done without his knowledge or consent, and since the evidence affirmatively shows that at that time he was acting as agent for the appellant, and that plaintiff was not then in default, under the oral agreement, we believe the cause of action for conversion was alleged and proven against appellant by reason of such facts and the conclusive nature of the judgment against appellant's agent Tenison. These conclusions bring the case within the exceptions to exclusive venue set forth in Subds. 9 and 23.

■ Venue in Cass County may also be maintained under Subd. 29a, on the ground that appellant was a necessary party to the suit against Tenison. The presence of appellant in the suit is rendered necessary to full relief, since the evidence, aided by the judgment against Tenison, shows that he took the jeep as the agent for and on behalf of appellant, and delivered it over to appellant.

■ The point is urged that the oral agreement to extend the time of payments as set forth in the contract was unenforceable for want of consideration. The evidence shows that at the time Keasler made the payment of May 24, 1949, plaintiff was two payments behind; that Tenison had been coming and collecting in person; that Keasler asked Tenison if it would be all right to accept one payment then, and Tenison agreed to that. Keasler stated to him that "we don't want any trouble with it, but we have a lot of lumber and need the money," to which Tenison replied, "It is all right." Crouch's testimony is of similar import, and that "It was understood the payments could be made in arrears." Having made the agreement, and permitted performance or part performance thereunder, appellant would be bound by the promises. "Want of consideration existing at the time of the agreement may be ground for rescinding an executed contract. But a party cannot successfully plead want of consideration in a contract which he has performed in whole or in part; and where there is a promise for a promise, though one party could not be compelled to perform for want of consideration, if he does fully perform, the other party, having received the full benefit of such performance, is bound by his promise." 10 Tex.Jur. pp. 114, 115, Sec. 65; McDonald v. McDonald, supra; Groce v. P. B. Yates Mach. Co., Tex.Com.App., 288 S.W. 161.

We have considered all points raised by appellants, and finding no error, they are overruled, and the judgment of the district court is affirmed.

Affirmed.