**A. B. LEWIS COMPANY, Appellant,**

v.

**Ralph ROBINSON, Appellee.**

No. 10575.

Court of Civil Appeals of Texas.

Austin.

April 23, 1958.

Rehearing Denied May 14, 1958.

John H. Holloway, Houston, for appellant.

John E. Dorris, Victoria, for appellee.

HUGHES, Justice.

This appeal is from an order overruling appellant's plea of privilege to be sued in Harris County, the county of its residence.

Ralph Robinson, appellee, bought a 1956 Ford from Davis Motor Company and at the time of such purchase a lien against the car was created in favor of appellant, A. B. Lewis Company, a private corporation, in the sum of $2,833.20.

After making several monthly payments on the car to appellant arrangements were made, according to appellee, that the payment due February 4, 1957, be extended to February 25, 1957.

Appellee and his wife lived in Edna, Jackson County, and on the night of February 22, 1957, the car here involved was locked in their garage and on the following morning they discovered that the locks on the garage had been broken and that the car was missing.

Appellee reported to local authorities that his car was stolen but after talking to the representatives of appellant became dubious about the matter. He testified:

"Well, they denied—they just didn't tell me that they had it. He didn't say whether he had it or not.

"Q. He didn't say whether or not they had it? A. No. Then I came back to the sheriff's department and got them to call and try and see after the way he talked to me I wasn't satisfied with the way he was talking. And that is the reason I came back and got the sheriff's department to call."

Constable Alfred Gabrysch of Jackson County testified:

"Did you have a conversation with someone at the A. B. Lewis Company?

"The Witness: At the office. I wouldn't know who it was. I had a conversation with someone in the office. I believe it was Mr. Lewis. I wouldn't say for sure.

"Q. You wouldn't say just who it was, you don't know? A. No.

"Q. As a result of that telephone conversation you were satisfied that the car was in Houston? A. Yes.

"Q. And at the A. B. Lewis Company? A. That's right.

"Q. And they had that automobile? A. They * * * come here after it."

Appellant on April 9, 1957, wrote appellee a letter in which it stated that it had possession of the car.

Appellee and his wife both denied that they had given anyone permission to take the car on the night of February 22, 1957.

Appellant offered no evidence and there is nothing in this record to show that it had any lawful right to take possession of the car and its contents on February 22, 1957.

Appellee sued appellant for conversion of the car and its contents and for charging usurious interest. Actual and exemplary damages were sought.

The above evidence, in our opinion, is sufficient to support the finding of the Trial Judge that appellant unlawfully converted the car and its contents in Jackson County. See Pacific Finance Corporation v. Crouch, Tex.Civ.App. Texarkana, 243 S.W.2d 432.

It follows that a part of appellee's cause of action arose in Jackson County and appellant being a private corporation is suable there under the provisions of Subd. 23, Art. 1995, Vernon's Ann.Civ.St.

The judgment of the Trial Court is affirmed.

Affirmed.

## On Motion for Rehearing

We quote from appellant's motion:

"Appellant excepts to finding 'Appellant offered no evidence and there is nothing in this record to show that it had any lawful right to take possession of the car and its contents on February 22, 1957', because appellee pleaded a written contract and lien on the automobile, and testified as follows:

" 'Q. You were delinquent in the payment of your automobile, isn't that right? A. That one.

" 'Q. Did you know if you didn't make the payment on your car, under the mortgage they were entitled to take it back? A. I do know that.'

"Appellant requests the court to correct such finding and find:

"(1) Appellee was delinquent under the terms of a written contract in the payment of his monthly installment, and by which contract Appellant was entitled to take possession in event of default, and Appellant was entitled to possession of the automobile while such lien was in default, and in absence of a tender of the amount owed by appellee to appellant.

"(2) That there was no written agreement between the parties to extend the monthly payment due February 4, 1957.

"(3) That appellee did not prove, and that the record contains no evidence, as to how, when or where appellant secured possession of the automobile.

"(4) That appellee offered no evidence, and the record contains no evidence, to establish the defendant's agent as being the person who secured possession of the automobile, or that he was in fact an agent, and that he was acting in the course of his employment at such time.

"(5) That a conversion, if such conversion did exist, occurred in Harris County, Texas."

Appellee did plead that appellant held a "conditional sales agreement and chattel mortgage" on the car and he did testify as stated in the motion and we find accordingly. We decline to make other requested findings.

The chattel mortgage or sales agreement is not in the record and we do not know its terms except as shown by the testimony of appellee. He also testified to the extension agreement and he did not testify that appellant had the right to repossess the car under the circumstances or in the manner reflected by this record.

The motion is overruled.

Motion overruled.